UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| DENGTAO CAO a/k/a PHILLIP CAO, on behalf of himself and others similarly situated, | ) ) ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 1:24-cv-11797-JEK |
| HUNGRY POT DARMOUTH INC., HUAXIN CHEN, HONG AN ZHENG, YI PING ZHENG, SHUO CHEN, and LEO DOE, | ) ) ) ) ) ) | |
| Defendants. | ) ) | |

**MEMORANDUM AND ORDER ON DEFENDANTS' MOTION TO STRIKE CLASS ALLEGATIONS AND DISMISS COLLECTIVE ACTION ALLEGATIONS**

**KOBICK, J.**

This is a putative collective and class action lawsuit alleging that defendant Hungry Pot Dartmouth Inc., a Korean barbecue and hot pot restaurant, and its leadership team failed to pay minimum wage and overtime to certain employees and unlawfully retained their tips. Plaintiff Dengtao Cao, also known as Phillip Cao, claims that the defendants' actions violate the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 203(m)(2)(B), 206, 207; Massachusetts' minimum wage and overtime laws, M.G.L. c. 151, §§ 1, 1A; and the Tips Act, M.G.L. c. 149, § 152A. He seeks to represent a collective for the FLSA claims, and two classes under Federal Rule of Civil Procedure 23 for the state law claims, composed of Hungry Pot employees who, like him, were allegedly undercompensated. Pending before the Court is the defendants' motion to strike the class allegations and dismiss the collective action allegations. That motion will be denied, because Cao has plausibly alleged the existence of putative class and collective members whose claims could

be resolved on a classwide basis. The defendants' concerns about the breadth of the proposed collective and classes are premature and may be more appropriately raised after Cao has moved for class or collective certification.

## BACKGROUND

The pertinent facts, as alleged in the complaint, are as follows. Defendant Hungry Pot is a Korean barbecue, hot pot, and all-you-can-eat restaurant in Dartmouth, Massachusetts that is open seven days a week and grosses over $1 million in annual revenue. ECF 1, ¶¶ 1, 11-12, 31. Hungry Pot is operated by the individual defendants: its President, Huaxin Chen; its Treasurer, Hong Zheng; its Secretary, Yi Zheng, who is also a member of its Board of Directors; and another board member, Shuo Chen. *Id.* ¶¶ 15, 18, 21, 24. At any given time, the restaurant has approximately nineteen non-managerial employees: nine workers in the front of house, including servers, and ten workers in the kitchen. *Id.* ¶ 14.

Between April 17 and April 23, 2024, plaintiff Cao worked 72.2 hours as a server at Hungry Pot. *Id.* ¶¶ 10, 30. Cao spent fourteen of those hours (two hours per day) performing non-tipped work, including opening up the restaurant, washing pots, and cleaning the grill. *Id.* ¶¶ 32-33. According to his immediate supervisor, Shuo Chen,[1] Cao did not receive a base wage or salary; instead, Cao was paid entirely in tips because he is Chinese, and the defendants believed that he was undocumented. *Id.* ¶¶ 27, 34, 54, 59. Non-Chinese workers, in contrast, are paid base salaries of approximately $2,000 or $2,100 per month plus tips. *Id.* ¶¶ 60-61. Had those employees worked, as Cao did, 72-hour weeks, their effective hourly rate would have been less than the federal and

---

[1] The defendants represent, and Cao accepts for purposes of this motion, that defendant Leo "Doe" is the same person as Shuo Chen. ECF 21, at 1 n.1; ECF 25, at 1 n.1.

Massachusetts minimum wages, and they would not have received overtime pay when they worked more than forty hours per week. *Id.* ¶ 61.

Over the course of the week Cao worked for Hungry Pot in April 2024, he received $2,995.26: $1,345.26 in cash tips; $1,181.18 in cash, which represented a portion of his credit card tips; another $118.82 in cash; and a $350 Zelle payment. *Id.* ¶¶ 35-42, 47-48. Shuo Chen made the latter two payments at the end of Cao's employment and, Cao alleges, improperly retained $1,601.93 of his credit card tips. *Id.* ¶¶ 43, 48-50. The individual defendants did not inform Cao that they would apply a "tip credit" toward Hungry Pot's minimum wage obligation. *Id.* ¶¶ 51-52.[2] Cao asserts that he was entitled to the higher of the federal or Massachusetts minimum wage for his first forty hours worked per week, and to 1.5 times the greater rate of pay for work performed in excess of forty hours in a given workweek. *Id.* ¶¶ 52-53.

Asserting six claims against the defendants, Cao filed this action in July 2024. ECF 1. The first three counts allege that the defendants violated the FLSA by failing to pay him and similarly situated employees a minimum wage (Count I), failing to pay 1.5 times their regular rate for overtime work performed in excess of forty hours in a given week (Count II), and unlawfully retaining their tips (Count III), in contravention of 29 U.S.C. §§ 206, 207, and 203(m)(2)(B), respectively. *Id.* ¶¶ 73-92. The other three counts allege comparable state law violations, namely, that the defendants failed to pay Cao and other similar employees minimum wage (Count IV) and overtime (Count V), in violation of M.G.L. c. 151, § 1 and § 1A, respectively, and withheld their

---

[2] The FLSA provides an exception to the minimum wage requirement known as the "tip credit," which "stipulates that an employer may pay a tipped employee a cash wage as low as $2.13 per hour and count the tips received to make up the difference between the hourly wage paid and the prevailing hourly minimum wage rate." *Perez v. Lorraine Enters., Inc.*, 769 F.3d 23, 27 (1st Cir. 2014) (citing, *inter alia*, 29 U.S.C. § 203(m)). Massachusetts law similarly "allows employers to, in effect, subsidize an employee's minimum wage with customer tips" through a "tip credit." *Clark v. Att'y Gen.*, 494 Mass. 187, 188 (2024) (citing M.G.L. c. 151, § 7).

3

tips (Count VI), in contravention of M.G.L. c. 149, § 152A. *Id.* ¶¶ 93-114. Cao seeks to represent a collective for the FLSA claims, and a Rule 23 class for Counts IV and V, composed of "current and former non-exempt workers employed by Defendants at Hungry Pot Dartmouth during the three (3) years preceding the filing of this Complaint, through entry of judgment in this case." *Id.* ¶¶ 62-63. He also seeks to represent a similar class for Count VI of "current and former non-exempt *tipped* workers" at Hungry Pot over this same period. *Id.* ¶ 64 (emphasis added).[3]

The defendants filed a motion to dismiss the FLSA collective action allegations in Counts I through III and to strike the Rule 23 class action allegations supporting Counts IV through VI. ECF 20. After receiving Cao's opposition and the defendants' reply, the Court held a hearing and took the motion under advisement. ECF 36.

## DISCUSSION

**I.    Motion to Strike the Class Action Allegations Supporting Counts IV, V, and VI.**

The defendants first move to strike the Rule 23 class action allegations under Rule 12(f), which permits a court to "strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "If it is obvious from the pleadings that the proceeding cannot possibly move forward on a classwide basis, district courts [may] use their authority under Federal Rule of Civil Procedure 12(f) to delete the complaint's class allegations." *Manning v. Bos.*

---

[3] Employees classified as "non-exempt" are covered by the FLSA's minimum wage and overtime pay provisions. *See* 29 U.S.C. §§ 206(a), 207(a)(1), 213. Likewise, employees classified as "non-exempt" are covered by Chapter 151, which generally sets a minimum wage of $15 per hour, but also permits employers to pay tipped employees as low as $6.75 per hour if their tips can cover the remaining $8.25 per hour, such that they earn $15 per hour total. M.G.L. c. 151, §§ 1, 7; *see Clark*, 494 Mass. at 188-89. Such employees are also covered by the Massachusetts overtime law, which requires that they be paid 1.5 times their hourly wages for all overtime hours. M.G.L. c. 151, § 1A. Unlike the FLSA, however, the Massachusetts overtime law exempts "any employee who is employed . . . in a restaurant." *Id.* § 1A(14); *see Devaney v. Zucchini Gold, LLC*, 489 Mass. 514, 517 n.9 (2022) (Section 1A, unlike the FLSA, "specifically exempts restaurant workers").

*Med. Ctr. Corp.*, 725 F.3d 34, 59 (1st Cir. 2013). But "courts should exercise caution when striking class action allegations based solely on the pleadings" and "should typically await the development of a factual record before determining whether the case should move forward on a representative basis." *Id.* This is, in part, because "such motions are narrow in scope, disfavored in practice, and not calculated readily to invoke the court's discretion." *Id.* (quotation marks omitted). Indeed, "striking a portion of a pleading is a drastic remedy." *Id.* (quotation marks omitted).

Cao adequately alleges that there are two groups of putative class members whose state law claims are susceptible of resolution on a classwide basis. The first group is composed of all former and current non-exempt employees at Hungry Pot who, during the relevant period, were subjected to the defendants' policies of failing to pay minimum wage or overtime. ECF 1, ¶¶ 63, 69. The complaint alleges that, because Cao and other employees were not paid a base wage and were compensated only with tips, their hourly wages were less than the minimum wage of $15 per hour for general employees under M.G.L. c. 151, § 1, and $6.75 per hour for tipped employees pursuant to M.G.L. c. 151, § 7. *Id.* ¶¶ 34, 68-69, 94-98; *see Clark v. Att'y Gen.*, 494 Mass. 187, 188 (2024) (describing both provisions). They also, as a result, were allegedly not paid 1.5 times their hourly wages for their overtime hours in violation of M.G.L. c. 151, § 1A. ECF 1, ¶¶ 68-69, 103-06; *see Sutton v. Jordan's Furniture, Inc.*, 493 Mass. 728, 735 (2024) (discussing overtime statute).[4] The second group is a subset of the first that consists of all current and former non-exempt *tipped* employees at Hungry Pot who, during the same period, were subjected to the defendants' policy of withholding their tips. ECF 1, ¶¶ 64, 68-69. The complaint alleges that the defendants, including Shuo Chen, improperly retained tips that were received by Cao and other

---

[4] The defendants make no argument that the class allegations supporting Count V should be stricken in light of the exemption in M.G.L. c. 151, § 1A(14) for restaurant workers. *See Devaney*, 489 Mass. at 517 n.9. The Court, accordingly, does not consider that issue.

employees in contravention of M.G.L. c. 149, § 152A. *Id.* ¶¶ 43-53; *see Hovagimian v. Concert Blue Hill, LLC*, 488 Mass. 237, 237-38 (2021) ("Under G. L. c. 149, § 152A, . . . an employer or other person who collects a service charge or tip . . . is required to remit the total proceeds of that charge to wait staff and service employees in proportion to the services provided."). These allegations collectively, accepted as true, support the plausible inference that the defendants' policies have affected Hungry Pot's non-exempt employees and violated state law. *See Manning*, 725 F.3d at 60.

The defendants nonetheless contend that Cao's Rule 23 class allegations should be stricken as overbroad because they cover all hourly employees at Hungry Pot, including both tipped and untipped staff in the front and back of the house, as well as workers who are Chinese and not Chinese. In the defendants' telling, Cao's complaint fails to demonstrate, among other things, the four threshold elements of Rule 23(a): numerosity, commonality, typicality, and adequacy of representation. *See Smilow v. Sw. Bell Mobile Sys., Inc.*, 323 F.3d 32, 38 (1st Cir. 2003). For example, the defendants argue that Cao does not satisfy the numerosity requirement in part because Hungry Pot employs only nineteen workers at a given time and has purportedly been open for less than a year. ECF 1, ¶ 14; *see García-Rubiera v. Calderón*, 570 F.3d 443, 460 (1st Cir. 2009) (identifying "the low threshold for numerosity" as more than forty members (citation omitted)).[5] They also assert that Cao is not an adequate representative of the class because he allegedly did

---

[5] The defendants ask the Court to take judicial notice of the fact that, as reported in two cited news articles, Hungry Pot opened around December 24, 2023. ECF 21, at 3 n.3; ECF 29, at 3-4; *see Madison v. Cruz*, 393 F. Supp. 3d 135, 137 & n.2 (D. Mass. 2019) (taking judicial notice of when defendant resigned based on press releases "'whose accuracy cannot . . . reasonably be questioned'" (quoting Fed. R. Evid. 201(b))). Even if the Court were to accept that fact, it would not matter for purposes of this motion because arguments about numerosity, along with the other Rule 23 elements, are to be addressed, as explained below, at the class certification stage.

not submit the requisite W-4 tax forms or comply with his I-9 form requirements, which Hungry Pot uses to verify work authorization. ECF 21, at 2-3, 12.[6]

These arguments—which go to the merits of whether classes should be certified under Rule 23—are premature. At this point in the litigation, Cao has neither had the benefit of discovery nor moved for class certification. He should, as the First Circuit explained, "have the chance to prove [his] assertions through discovery and a properly-brought motion for class certification." *Manning*, 725 F.3d at 60; *see Costa v. Dvinci Energy, Inc.*, 342 F.R.D. 38, 41 (D. Mass. 2022) (denying motion to strike the class allegations for noncompliance with Rule 23(a) and (b)(3) as "premature at best"); *Rosenberg v. LoanDepot.com LLC*, 435 F. Supp. 3d 308, 318 (D. Mass. 2020) (similar); *In re: Celexa & Lexapro Mktg. & Sales Pracs. Litig.*, No. 09-cv-2067-NMG, 2016 WL 3212480, at *4-5 (D. Mass. June 9, 2016) (similar). The defendants' "concerns regarding the appropriate contours of the putative class" can be addressed at the class certification stage when the Court is permitted to, among other things, consider the parties' evidentiary submissions and "redefin[e] the class . . . or creat[e] subclasses." *Manning*, 725 F.3d at 60.

At this juncture, the "dispositive question" is not whether the complaint satisfies the dictates of Rule 23 but whether Cao "pleads the existence of a group of putative class members whose claims are susceptible of resolution on a classwide basis." *Id.* at 59. Because Cao has sufficiently alleged such classwide allegations, the answer is yes. The defendants' motion to strike the class action allegations is, accordingly, denied.

---

[6] This assertion is not supported by allegations in the complaint, and consideration of material outside of the complaint would be improper at this point in the litigation, when the Court must "[a]ccep[t] the complaint's allegations as true." *Manning*, 725 F.3d at 60; *see Henderson v. Bank of New York Mellon*, 322 F.R.D. 432, 434 (D. Mass. 2017) (denying motion to strike class allegations as "an ill-fitting procedural vehicle" where it relied on evidence beyond the pleadings).

**II.        Motion to Dismiss the FLSA Collective Action Allegations in Counts I, II, and III.**

The defendants next seek dismissal of the FLSA collective action allegations pursuant to Federal Rule of Civil Procedure 12(b)(6). In evaluating a motion to dismiss under Rule 12(b)(6), the Court must determine "whether, construing the well-pleaded facts of the complaint in the light most favorable to the plaintif[f], the complaint states a claim for which relief can be granted." *Cortés-Ramos v. Martin-Morales*, 956 F.3d 36, 41 (1st Cir. 2020) (quotation marks omitted). The complaint must allege "a plausible entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 559 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679.

The FLSA provides that an "action to recover the liability" for minimum wage or overtime violations "may be maintained against any employer . . . by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b). The statute also permits such action where the employer "unlawfully" keeps tips and thus "violates section 203(m)(2)(B)," *id.*, which in turn states that "[a]n employer may not keep tips received by its employees for any purposes, including allowing managers or supervisors to keep any portion of employees' tips, regardless of whether or not the employer takes a tip credit," 29 U.S.C. § 203(m)(2)(B). The "basic elements" of Cao's FLSA claims are that (1) he and other workers were employed by the defendants; (2) the work involved interstate activity; and (3) either they were undercompensated for their work, or the defendants illegally withheld their tips. *Manning*, 725 F.3d at 43. To sustain his collective action allegations under the FLSA, Cao must also show that he is "similarly situated" to putative members of the collective, 29 U.S.C. § 216(b), which

8

requires that he make "a modest factual showing sufficient to demonstrate that [he] and potential [members] . . . were victims of a common policy or plan that violated the law," *Cavallaro v. UMass Mem'l Health Care, Inc.*, 971 F. Supp. 2d 139, 152 (D. Mass. 2013) (quotation marks omitted).

For the same reasons articulated with respect to his claims under Massachusetts law, Cao plausibly alleges that the defendants' policies—namely, not paying workers minimum wage or overtime and unlawfully retaining tips—affected Hungry Pot's non-exempt employees and violated the FLSA. ECF 1, ¶¶ 10, 64, 68-69, 73-92.[7] The defendants resist this conclusion, arguing that Cao fails to adequately allege that he is "similarly situated" to other potential collective members. Since Cao allegedly was paid only in tips as a server because he is Chinese, the defendants contend, he is not similarly situated to employees who, for instance, worked in the kitchen, received a base wage, or are not Chinese. Once again, these arguments put the cart before the horse: they bear on whether "[c]onditional certification of a FLSA collective action" is proper, but Cao has not yet moved for conditional certification of an FLSA collective. *Manning*, 725 F.3d at 58 n.15. At this stage in the proceedings, the question is whether the FLSA claims are "'capable of [collective] resolution.'" *Id.* at 59 (quoting *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011)). Given the defendants' alleged policies of undercompensating employees, the answer to that question is yes. Whether the putative collective is overbroad, as the defendants maintain, is an issue that can be addressed if Cao moves for conditional certification of the collective. *See Cavallaro*, 971 F. Supp. 2d at 153 (declining to "premature[ly]" dismiss collective action allegations as overbroad where the complaint "alleged that members of the alleged class were subject to a uniform policy that violated the FLSA").

---

[7] The complaint also alleges that Hungry Pot is a business engaged in interstate commerce. ECF 1, ¶¶ 7, 13.

9

## CONCLUSION AND ORDER

The defendants' motion to strike class allegations and dismiss collective action allegations, ECF 20, is DENIED.

SO ORDERED.

/s/ Julia E. Kobick
JULIA E. KOBICK
UNITED STATES DISTRICT JUDGE

Dated: June 24, 2025