**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**
-------------------------------------------------------------------x
DENGTAO CAO
      a/k/a Philip Cao,
*on behalf of himself and others similarly situated,*
                       Plaintiff,        Case No. 24-cv-11797 (JEK)

              v.

HUNGRY POT DARTMOUTH INC.,
HUAXIN CHEN,
HONG AN ZHENG,
YI PING ZHENG,
SHUO CHEN, and
LEO "DOE,"

                     Defendants.
-------------------------------------------------------------------x

---

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION FOR CONDITIONAL
COLLECTIVE CERTIFICATION AND FOR COURT FACILITATION OF NOTICE
PURSUANT TO 29 U.S.C. § 216(b)**

<u>Affidavits and Exhibits in Support Motion Filed Concurrently</u>

---

## <u>TABLE OF CONTENTS</u>

TABLE OF AUTHORITIES ........................................................................................ iii

II.    RELIEF SOUGHT BY THIS MOTION .............................................................. 1

III.    THE SOLE ISSUE ON THIS MOTION IS WHETHER THE COVERED EMPLOYEES ARE SIMILARLY SITUATED WITHIN THE MEANING OF THE FLSA. ............................ 2

IV.    STATEMENT OF FACTS ................................................................................. 3

V.    THIS MOTION IS AN ORDINARILY PRELIMINARY STEP IN AN FLSA COLLECTIVE ACTION, IS TO BE DECIDED UNDER A LENIENT STANDARD, AND SERVES THE PUBLIC POLICY OF THE FLSA.......................................................... 3

    A.    The FLSA and the FLSA's Opt-In Requirement and the Need for Expedited Notice ...... 3

    B.    The Two Phase Certification Process for FLSA Collective Actions. ................................. 9

    C.    Plaintiffs have made the Required Showing that they are similarly-situated to the members of the FLSA Collective ............................................................................. 13

    D.    The Victims of Defendants' Unlawful Violations Extend to All Non-Managerial Employees........................................................................................................... 13

    E.    On This Motion, The Court Does Not Decide the Merits of the Claims or Defenses. ...... 14

    F.    The Motion Should Not Be Delayed for Discovery ........................................................ 15

VI.    PLAINTIFF HAS MORE THAN SATISIFIED THE STANDARD FOR GRANTING THIS MOTION.......................................................................................... 15

VII.    NOTICE IS PROPERLY ACCOMPANIED BY CONDITIONAL CERTIFICATION................................................................................................. 17

VIII.    DISCOVERY OF NAMES, ADDRESSES AND TELEPHONE NUMBERS IS PROPER AND NECESSARY UNDER HOFFMANN-LAROCHE ..................................... 18

IX.    THE PROPOSED NOTICE IS FAIR AND ADEQUATE AND SHOULD BE SENT BY MAIL, EMAIL and TEXT: .................................................................................. 18

X.    THIS COURT SHOULD GRANT A NINETY (90) DAYS OPT-IN PERIOD FOR ADDITIONAL PLAINTIFFS TO JOIN THIS LITIGATION AND FOR REMINDER NOTICE TO BE ISSUED TO THOSE WHO HAVE NOT YET RESPONDED: ............... 19

XI.    CONCLUSION ................................................................................. 20

i

# TABLE OF AUTHORITIES

## CASES

*Allen v. Marshall Field & Co.*, 93 F.R.D. 438, 442 (N.D.Ill. 1982) ........................................... 23

*Atkinson v. TeleTech Holdings, Inc.,* No. 3:14–cv–253, 2015 WL 853234, at *5
(S.D. Ohio Feb. 26, 2015) ...................................................................................................... 26

Ballaris v. Wacker Siltronic Corporation, 370 F.3d 901, 907, n.9 (9th Cir. 2004) ..................... 6

Barber v. Bauer Hockey, LLC, 2022 DNH 129 n.4 ................................................................... 15

Begin v. Lawn Beauticians, Inc., No. 15-048L, 2015 U.S. Dist. LEXIS 173962, at
*11 (D.R.I. Nov. 3, 2015) ....................................................................................................... 18

*Belcher v. Shoney's, Inc.,* 927 F. Supp. 249, 251 (M.D. Tenn. 1996) ....................................... 22

*Belcher v. Shoney's, Inc.*, 927 F. Supp. 249, 252 ..................................................................... 23

*Brayak v. New Bos. Pie, Inc.*, 292 F. Supp. 3d 520 (D. Mass. 2017) ........................................ 10

*Cameron-Grant v. Maxim Healthcare Servs., Inc.*, 347 F.3d 1240,1248 (11th Cir.
2003) ....................................................................................................................................... 9

Camp v. Bimbo Bakeries USA, Inc., 2019 DNH 020 ......................................................... 12, 14

*Clark v. Capital Vision Servs.*, LLC, No. 22-cv-10236-DJC, 2022 U.S. Dist.
LEXIS 130207, 2022 WL 2905356, at *1 (D. Mass, 2022) ..................................................... 7

Comer v. Wal-Mart Stores, Inc., 454 F.3d 544, 547 (6th Cir. 2006)........................................ 16

*Cunha*, 221 F. Supp. 3d at 182 ................................................................................................ 11

Davine v. Golub Corp., Civil Action No. 14-30136-MGM, 2015 U.S. Dist.
LEXIS 37805, at *4 (D. Mass. Mar. 25, 2015)....................................................................... 13

Davis v. Footbridge Eng'g Servs., LLC, No. 1:09-cv-11133-NG, 2010 U.S. Dist.
LEXIS 106523, at *2 (D. Mass. Oct. 5, 2010)........................................................................ 19

*Dionne v. Ground Round, Inc.*, No. 93-11083, 1994 U.S. Dist. LEXIS 21641, at
*6-7 (D. Mass. July 6, 1994)................................................................................................... 10

*Dybach v. Florida Department of Corrections*, 942 F.2d 1562, 1567–68 (11th Cir.
1991) ...................................................................................................................................... 22

*Gardner v. Fallon Health & Life Ins. Co. Inc.*, No. 4:19-cv-40148-TSH, 2021
U.S. Dist. LEXIS 186573, 2021 WL 4459525, at *4 (D. Mass. Sept. 29, 2021) ................. 28

*Gardner v. Fallon Health & Life Ins. Co., Inc.*, No. CV 4:19-40148-TSH, 2021 WL 4459525, at *4 (D. Mass. Sept. 29, 2021) ..................................................... 25

*Garner v. G.D. Searle Phamaceuticals & Co.*, 802 F.Supp. 418, 423 nn.3 & 4 (M.D. Ala. 1991) .................................................................................................. 20

*Garner v. G.D. Searle Pharmaceuticals & Co.*, 802 F. Supp. 418, 423 ns. 3, 4 (M.D. Ala. 1991) .................................................................................................... 3

*German v. Holtzman Enter., Inc.*, No. 19-cv-03540-PAB-STV, 2021 WL 1087718, at *5 (D. Colo. Mar. 22, 2021) ............................................................. 26

<u>Gonpo v. Sonam's Stonewalls & Art LLC</u>, Civil Action No. 16-40138-MGM, 2018 U.S. Dist. LEXIS 60333, at *10 (D. Mass. Apr. 9, 2018) ........................... 14

*Grayson v. K Mart Corporation*, 79 F.3d 1086, 1099 n.17 (11th Cir. 1996) ............................. 20

*Grayson v. K Mart Corporation*, 79 F.3d 1086, 1099, n. 17 (11th Cir. 1996) ...................... 3, 21

*Guzman v. Three Amigos SJL* Inc., 117 F. Supp. 3d 516, 525 (S.D.N.Y. 2015) ........................ 17

*Hipp v. Liberty National Life Ins. Co.*, 252 F.3d 1208, 1218-1220 (11th Cir. 2001), .................................................................................................................. 23

*Hipp v. Liberty National Life Ins. Co.*, 252 F.3d 1208, 1819 (11th Cir. 2001) ......................... 23

*Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F.3d 1208, 1218 (11th Cir. 2001) ................................ 11

*Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 169, 110 S. Ct. 482, 107 L. Ed. 2d 480 (1989) ................................................................................................. 10

*Hoffmann-La Roche Inc.*, 493 U.S. at 174, 110 ....................................................................... 17

*Hoffmann-La Roche*, supra, 493 U.S. at 168, 169, 170 (1989) ................................................. 25

*Hoffmann-LaRoche, Inc. v. Sperling, 493 U.S. 165 (1989)* ............................................. 7, 8, 9

*Jennings v. Cellco P'ship*, No. 12-00293 (SRN/TNL), 2012 U.S. Dist. LEXIS 90994, at *14-15 (D. Minn. July 2, 2012) ........................................................... 17

<u>Johnson v. VCG Holding Corp.</u>, 802 F. Supp. 2d 227, 233 (D. Me. 2011) ............. 12, 13, 14, 15

*Kane v. Gage Merchandising Services, Inc.*, 138 F.Supp.2d 212 (D. Mass. 2001) .................... 24

*Kane v. Gage Merchandising Services, Inc.*, 138 F.Supp.2d 212, 214 (D. Mass.2001) ............................................................................................................. 21

*Keller-Brittle v. Collecto Inc.*, 2018 WL 6199568, at *3 (D. Mass. Nov. 28, 2018) .................. 5

Klapatch v. BHI Energy I Power Servs., LLC, No. 18-11581-RGS, 2019 U.S.
    Dist. LEXIS 28134, at *4 (D. Mass. Feb. 22, 2019)............................................... 16

Lagasse v. Flextronics Am., LLC, No. 11-445ML, 2012 U.S. Dist. LEXIS 86343,
    at *4-5 (D.R.I. June 1, 2012) ....................................................................... 4

Lalli v. Gen. Nutrition Ctrs., Inc., 85 F. Supp. 3d 560, 562 (D. Mass. 2015) ........................ 4

Lichy v. Centerline Communs. LLC, Civil Action No. 15-cv-13339-ADB, 2018
    U.S. Dist. LEXIS 51290, at *10 (D. Mass. Mar. 28, 2018)........................... 16, 19

Macklin v. Biscayne Holding Corp., No. 19-561WES, 2020 U.S. Dist. LEXIS
    203890, at *21-22 (D.R.I. Nov. 2, 2020) ........................................................ 15

McCloud v. McClinton Energy Grp., L.L.C., 2015 U.S. Dist. LEXIS 20374, 2015
    WL 737024, at *10 (W.D. Tex. Feb. 20, 2015)...................................................... 27

McKnight v. Honeywell Safety Prods. USA, No. 16-132MSM, 2020 U.S. Dist.
    LEXIS 67793, at *2 (D.R.I. Apr. 17, 2020)............................................................ 8

Mejias v. Banco Popular De P.R., 86 F. Supp. 3d 84, 87 (D.P.R. 2015)............................... 16

Mooney v. Aramco Services Co., 54 F.3d 1207, 1214 (5th Cir. 1995) n. 8 .......................... 18

Mooney v. Aramco Services Co., 54 F.3d 1207, 1214 (5th Cir.1995) ................................... 2

Mooney v. Aramco Servs. Co., 54 F.3d 1207, 1213-14 (5th Cir.1995) ............................... 11

Nash v. CVS Caremark Corp., 683 F.Supp.2d 195, 200 (D.R.I. 2010) ................................. 5

Noll v. Flowers Foods, Inc., No. 1:15-cv-00493-JAW, 2017 U.S. Dist. LEXIS
    7923, at *6 (D. Me., 2017)................................................................................ 28

O'Connor v. Oakhurst Dairy, No. 2:14-cv-00192-NT, 2015 U.S. Dist. LEXIS
    67029, at *10 (D. Me. May 22, 2015) ................................................................ 25

Ortiz-Patino v. Kamcor, Inc., Civil Action No. 17-cv-12400-ADB, 2018 U.S.
    Dist. LEXIS 78781, at *1 (D. Mass. May 10, 2018) .......................................... 14

Pogue v. Chisholm Energy Operating, LLC, 2021 WL 5861184, at *9 (D.N.M.
    Dec. 10, 2021)................................................................................................... 26

Posada v. Cultural Care, Inc., Civil Action No. 1:20-cv-11862-IT, 2023 U.S.
    Dist. LEXIS 106061, at *31 (D. Mass., 2023)................................................... 27

Prescott v. Prudential Ins. Co., 729 F. Supp. 2d 357, 364 (D. Me. 2010) .............................. 11

Prescott v. Prudential Ins. Co., 729 F. Supp. 2d 357, 364-65 (D. Me. 2010) .......... 12, 14, 15, 16

*Prescott*, 729 F. Supp. 2d at 369-70 (D. Me. 2010) ................................................................ 12

*Preston v. World Travel Holdings, Inc.*, No. 1:23-cv-12389-JEK, 2024 U.S. Dist. LEXIS 23070, at \*19 (D. Mass. Feb. 9, 2024) ...................................................... 28

*Racey v. Jay-Jay Cabaret, Inc.*, 2016 WL 3020933, at \*4 ............................................... 17

*Realtie v. Ark Restaurants Corp.*, 7 F. Supp. 2d 303, 308 (S.D.N.Y. 1998) ........................... 22

Reeves v. Alliant Techsystems, Inc., 77 F. Supp. 2c 242, 247 (D.R.I. 1999) ..................... 18, 21

*Reeves v. Alliant Techsystems, Inc.*, 77 F. Supp. 2d 242, 247 (D.R.I. 1999) ........................... 12

*Reeves v. Alliant Techsystems, Inc.*, 77 F. Supp.2d 242, 247 (D.R.I. 1999) ............................. 2

Reeves v. Alliant Techsystems, Inc., 77 F.Supp.2d 242, 246 (D.R.I. 1999) ............................ 6

*Reich v. Davis*, 50 F.3d 962, 964 (11th Cir. 1995) .................................................... 25

*Roberts v. TJX Companies, Inc.*, 2017 WL 1217114, at \*8 (D. Mass. Mar. 31, 2017) ................................................................................................. 5

*Roebuck v. Hudson Valley Farms, Inc.*, 239 F. Supp. 2d 234, 238 (N.D.N.Y. 2002) ................................................................................................. 3, 23

*Roebuck v. Hudson Valley Farms, Inc.*, 239 F.Supp. 2d 234, 238 (N.D.N.Y. 2002) ............... 20

*Romero v. Clean Harbors Surface Rentals USA, Inc.*, 368 F. Supp. 3d 152, 162 (D. Mass. 2019) ...................................................................................... 17

*Romero v. Clean Harbors Surface Rentals USA, Inc.*, 368 F. Supp. 3d 152, 163 (D. Mass.) .............................................................................................. 26

*Roy v. FedEx Ground Package Sys.*, No. 3:17-cv-30116-KAR, 2024 U.S. Dist. LEXIS 57669, at \*10 (D. Mass. Mar. 29, 2024) .......................................... 24

Saunders v. Getchell Agency, No. 1:13-cv-00244-JAW, 2014 U.S. Dist. LEXIS 17480, at \*20 (D. Me. Feb. 12, 2014) ............................................... 13, 14

*See Keller-Brittle v. Collecto Inc.*, Civil Action No. 18-cv-11836-ADB, 2018 U.S. Dist. LEXIS 201361, at \*5 (D. Mass, 2018) ...................................... 10

*Severtson v. Phillips Bev. Co.*, 137 F.R.D. 264, 267 (D. Minn. 1991) ................................. 2

*Severtson v. Phillips Beverage Co.*, 137 F.R.D. 264, 267 (D. Minn. 1991) .......................... 20

*Torrezani v. VIP Auto Detailing, Inc.*, 2017 WL 2951618, at \*2 (D. Mass. May 31, 2017) .......................................................................................... 26

*Trezvant v. Fid. Employer Servs. Corp.,* 434 F. Supp. 2d 40, 57-58 (D. Mass. 2006) ................................................................................................................. 9, 11

*Trezvant v. Fid. Emplr. Servs. Corp.*, 434 F. Supp. 2d 40, 42 (D. Mass. 2006) ............. 10, 11, 12

*Tyson Foods*, 577 U.S. at 449; *Clark*, 2022 U.S. Dist. LEXIS 130207, 2022 WL 2905356 ................................................................................................................. 7

*Tyson Foods, Inc. v. Bouaphakeo*, 577 U.S. 442, 448, 136 S. Ct. 1036, 194 L. Ed. 2d 124 (2016) ........................................................................................................ 7

<u>v. Gage. Merchandising Services, Inc.</u>, 139 F.Supp.2d 212, 213-214 (D. Mass. 2001) ................................................................................................. 6, 11, 13, 18

<u>Venegas v. Glob. Aircraft Serv.</u>, No. 2:14-cv-249-NT, 2015 U.S. Dist. LEXIS 24517, at *7 (D. Me. Feb. 5, 2015) .......................................................... 14, 19

**STATUTES**

29 U.S.C. 215(a)(3) ............................................................................................... 25

FLSA, 29 U.S.C. 216(b) ........................................................................................ 2

## I.    RELIEF SOUGHT BY THIS MOTION

Pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), Plaintiff DENGTAO CAO a/k/a PHILIP CAO ("Cao" or "Plaintiff") brings this case against Defendants HUNRY POT DARTMOUTH INC., HUAXIN CHEN, HONG AN ZHENG, YI PING ZHENG, SHUO CHEN, and LEO "DOE" (*Collectively referred hereto as* "Defendants") to recover unpaid wages and overtime compensation for himself and other employees and former employees of Defendants (these employees and former employees are collectively referred to herein as the "Covered Employees").

By this motion, Plaintiff seeks an Order for the following:

(1)    Pursuant to the FLSA and cases interpreting it, that the Court facilitate and authorize notice of this action to the Covered Employees. The notice is to include a Consent to Join Form (opt-in form) authorized by the FLSA.

(2)    That the Court approve the proposed FLSA Notice of Action and Consent to Join Form.

(3)    That the Court conditionally certify this action as a representative collective action pursuant to the FLSA 29 U.S.C. § 216(b).

(4)    That the Court Order Defendants to produce a *Microsoft Excel* data file containing contact information, including but not limited to last known mailing addresses, last known telephone numbers, last known email addresses, Social Security numbers, work locations, and dates of employments for all those individuals who have worked for the Defendants as a non-exempt employee between November 2, 2019 and this Court decides this Motion;

(5)    That the Court Order Defendants to post the Notice, along with copies of the Consent to Join Form, in each of Defendants' business premises where Covered Employees are employed.

(6)    That the Court order equitable tolling of the statute of limitation pending the expiration of the opt-in period.

## II.    THE SOLE ISSUE ON THIS MOTION IS WHETHER THE COVERED EMPLOYEES ARE SIMILARLY SITUATED WITHIN THE MEANING OF THE FLSA.

The sole requirement for granting this motion is that the employees are in the words of the FLSA, 29 U.S.C. 216(b), "*similarly situated*." That employees are similarly situated can be established by the complaint alone. *Reeves v. Alliant Techsystems, Inc.*, 77 F. Supp.2d 242, 247 (D.R.I. 1999), *citing Mooney v. Aramco Services Co.*, 54 F.3d 1207, 1214 (5th Cir.1995) n. 8. Here, not only the complaint, but also affidavit submitted with this motion also demonstrate that the Covered Employees are similarly situated.

The FLSA requires employees to be paid at time and a half their regular rate for hours worked in excess of 40 hours in a week, unless they fall under one of the overtime exemptions of the FLSA. 29 U.S.C. 297(a)(1). The Covered Employees are obviously similarly situated in that Defendant failed to compensate each hour they worked more than forty hours per week at an over-time premium rate. As alleged in the complaint and the affidavit submitted with this motion clearly illustrate that Defendant has a common policy of not compensating their employees in accordance with the FLSA regardless of their job titles or duties. *See* Compl. ¶¶ 34, 44-61. Cao Aff. ¶¶ 26–74.

On this motion, the Court does not decide the merits of the claims or defenses, including any exemption from overtime. *Severtson v. Phillips Bev. Co.*, 137 F.R.D. 264, 267 (D. Minn. 1991); *Garner v. G.D. Searle Pharmaceuticals & Co.*, 802 F. Supp. 418, 423 ns. 3, 4 (M.D. Ala. 1991); *Roebuck v. Hudson Valley Farms, Inc.*, 239 F. Supp. 2d 234, 238 (N.D.N.Y. 2002); *Grayson v. K Mart Corporation*, 79 F.3d 1086, 1099, n. 17 (11th Cir. 1996);.

Rather the Court decides only whether the employees are similarly situated with respect to the merits, or in some other significant way, such as with respect to the right to overtime or any

exemption from it. As shown below, it is quite obvious that the Covered Employees are similarly situated to Plaintiff Cao.

## III.   STATEMENT OF FACTS

Defendant HUNGRY POT DARTMOUTH, INC. has its registered address at 466 State Road, Dartmouth, MA 02747, where it operated "Hungry Pot Dartmouth," a Korean barbecue, hot pot, and all-you-can-eat restaurant. *See* Compl. ¶11. Defendant Huaxin Chen (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employee records at the corporate Defendants' location. Compl. *Id.* ¶¶15-17. Plaintiff Dengtao Cao a/k/a Philip Cao was employed by Defendant as a Server. Compl. *Id.* ¶10.

The Covered Employees were not paid overtime wages for each hour they worked more than forty (40) hours at over-time premium rates, despite working over around fifty (50) to seventy (70) hours per week. *See* **Ex. 9**, Cao Aff. ¶¶ 54–74.

Defendants operated their restaurant serving Korean barbecue, hot pot, and other types of food. Covered Employees' positions include all non-exempt non managerial employees including and but not limited to servers, sorters, and kitchen staff. Covered Employees' job titles accurately reflect this reality and a detailed description about their working details have been mentioned in the Plaintiff's affidavit in support of this motion.

## IV.   THIS MOTION IS AN ORDINARILY PRELIMINARY STEP IN AN FLSA COLLECTIVE ACTION, IS TO BE DECIDED UNDER A LENIENT STANDARD, AND SERVES THE PUBLIC POLICY OF THE FLSA.

### A.  The FLSA and the FLSA's Opt-In Requirement and the Need for Expedited Notice

Pursuant to the FLSA, an employee must be paid, at least, the federal statutory minimum wage for the first 40 hours that he or she worked in a given work week. 29 U.S.C. § 206(a). Moreover, an employee is entitled to be paid for overtime hours (*i.e.*, any hours exceeding 40 hours

per week), at a "rate not less than one and one-half times the regular rate at which [the employee] is employed." *Id.*, § 207(a)(1); *see also,* e.g., *Lalli v. Gen. Nutrition Ctrs., Inc.*, 85 F. Supp. 3d 560, 562 (D. Mass. 2015) (quoting Section 207(a)(1)). "Under the FLSA, the statute of limitations for non-willful violations is two years. For willful violations of the FLSA, the statute of limitations (and potential damages) extends to three years." *Lagasse v. Flextronics Am., LLC*, No. 11-445ML, 2012 U.S. Dist. LEXIS 86343, at *4-5 (D.R.I. June 1, 2012) (citing 29 U.S.C. § 255(a)). To satisfy the willfulness requirement, a plaintiff must demonstrate that "the employer knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute." *Id.* (*quoting McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988)).

The statute of limitations for FLSA violations is two years, extended to three for willful violations. 29 U.S.C. § 255(a). Accordingly, if notice is delayed, a great number of employees will lose their claims due to nothing more than the passage of time. District courts recognize the great prejudice that befalls employees when notice of a collective action is not issued in a timely fashion. *See Keller-Brittle v. Collecto Inc*., 2018 WL 6199568, at *3 (D. Mass. Nov. 28, 2018) (*citing Nash v. CVS Caremark Corp.*, 683 F.Supp.2d 195, 200 (D.R.I. 2010)) ("Requests for conditional certification are frequently brought so that notice can be provided to as many prospective class members as possible before the statute of limitations nullifies their claims...Unlike Rule 23 actions in which 'filing a complaint tolls the statute of limitations for all alleged class members, whether they know of the lawsuit or not,' 'parties alleged to be 'similarly situated' in a § 216(b) case must affirmatively opt in to toll the limitations period.' This may allow defendants to 'bleed value out of a large pool of outstanding FLSA claims' if they successfully delay notice and thereby limit the number of plaintiffs who become aware of their potential claim before the limitations period expires.'" (internal citations omitted)); *Roberts v. TJX Companies, Inc*., 2017 WL 1217114, at *8

(D. Mass. Mar. 31, 2017) (citing 29 U.S.C. § 256(b) ("The limitations period on claims of a potential opt-in plaintiff in a FLSA collective action is not tolled by the filing of a complaint, but instead continues to run until the putative plaintiff files a written consent to join the action.").

These decisions recognize that because most employees will not know about a collective action before receiving court-authorized notice, those employees cannot join the case until after that notice is sent and will have lost a large portion of their claim(s) by the time they do join. Accordingly, an expedited notice protects the statute of limitations of the potential opt-in Plaintiffs.

The FLSA itself provides for collective actions. It authorizes employees to bring an action for violation of the provisions of the Act "for and in behalf of … themselves and other employees similarly situated." 29 U.S.C. 216(b). *See also Kane v. Gage. Merchandising Services, Inc*., 139 F.Supp.2d 212, 213-214 (D. Mass. 2001); *Reeves v. Alliant Techsystems, Inc.*, 77 F.Supp.2d 242, 246 (D.R.I. 1999); *Ballaris v. Wacker Siltronic Corporation*, 370 F.3d 901, 907, n.9 (9th Cir. 2004).

The FLSA provides that an employer who violates provisions of the Act is liable to its employee or employees for their unpaid minimum wages or overtime compensation, along with other relief. §216(b). An employee may bring an action on behalf of himself and other employees similarly situated. *Barber v. Bauer Hockey, LLC*. 2022 U.S. Dist. LEXIS 189580. Employees who want to be party plaintiffs may join in a collective action to enforce their rights under the FLSA. *Id*. ; *Tyson Foods, Inc. v. Bouaphakeo*, 577 U.S. 442, 448, 136 S. Ct. 1036, 194 L. Ed. 2d 124 (2016); *Clark v. Capital Vision Servs.*, LLC, No. 22-cv-10236-DJC, 2022 U.S. Dist. LEXIS 130207, 2022 WL 2905356, at *1 (D. Mass. July 22, 2022). Unlike class actions under Federal Rule of Civil Procedure 23, FLSA collective actions require similarly situated employees to opt in rather than opt out of the action. *Tyson Foods*, 577 U.S. at 449; *Clark*, 2022 U.S. Dist. LEXIS

130207, 2022 WL 2905356.

The leading case on this type of motion is *Hoffmann-LaRoche Inc. v. Sperling*, 493 U.S. 165, 170-171 (1989). The motion is commonly referred to as a *Hoffmann-LaRoche* motion. *Hoffmann-LaRoche* was a case under the Age Discrimination in Employment Act ("ADEA"). When the ADEA was enacted, Congress expressly made the FLSA's collective action procedures applicable to ADEA collective actions. Thus, on issues collective action procedure, ADEA cases are normally applicable to FLSA cases. A collective action has important procedural distinctions from a class action brought under Fed. R. Civ. P. 23. For example, unlike Rule 23 class actions, under the FLSA "no employee shall be a party plaintiff to [a collective action] unless he gives his consent in writing … and such consent is filed in the court in which such action is brought." 29 U.S.C. 216(b). Thus, a collective action is an opt-in procedure whereby employees must affirmatively file a document in order to be included in the class. But a Rule 23 class action is an opt-out procedure; once notice of the action is given, class members must affirmatively elect to opt out in order not to be included in the action. Thus, until employees are given notice and are permitted to file consent forms to opt-in, the statute of limitations continues to run against them on a daily basis. Potential plaintiffs must "affirmatively opt-in to toll the limitations period." *McKnight v. Honeywell Safety Prods. USA*, No. 16-132MSM, 2020 U.S. Dist. LEXIS 67793, at *2 (D.R.I. Apr. 17, 2020).

Therefore, it is critical that similarly-situated employees be afforded notice as soon as possible and be provided with the opportunity to opt-in, as their claims may be reduced or extinguished daily. Except by happenstance, he or she will have no way of knowing about the action or how to prepare and file a consent form. Thus, for all but the tiny fraction on the collective members who have already filed consents, the notice is their opportunity to receive and file the

consent, and thereby present and protect their claims. The Supreme Court has affirmed the importance of potential opt-in plaintiffs receiving timely notice of their potential claims. *See Hoffmann-LaRoche, Inc.*, 493 U.S. 170. This seminal case sets forth the requirements for bringing a collective action.[1] The Court observed that a collective action authorized by Section 216(b) "allows.. plaintiffs the advantage of lower individual costs to vindicate their rights by the pooling of resources." *Hoffmann-LaRoche*, 493 U.S. at 170. The Court went on to point out that, "[t]hese benefits, however, depend on employee receiving accurate and timely notice concerning the pendency of the collective action, so that they can make informed decisions about whether to participate." *id*.

"Unlike Federal Rules of Civil Procedure Rule 23 class actions, FLSA collective actions require similarly situated employees to affirmatively opt-in and be bound by any judgment." 2016 U.S. Dist. LEXIS 21174, [WL] at *3 (*quoting Iriarte v. Café 71, Inc*., 2015 U.S. Dist. LEXIS 166945, 2015 WL 8900875, at *2 (S.D.N.Y. Dec. 11, 2015). *See* 29 U.S.C. § 216(b) ("No employee shall be a party plaintiff to any such action unless he gives consent in writing to become such a party and such consent is filed in the court in which such action is brought."). *See also Cameron-Grant v. Maxim Healthcare Servs., Inc*., 347 F.3d 1240,1248 (11th Cir. 2003) (discussing Congress's intent to prevent Rule 23 class actions in adding the "opt-in" language). And this [**6] is not the case in which plaintiffs with independently valid state and federal claims seek class certification of both together. *See Trezvant v. Fid. Employer Servs. Corp.,* 434 F. Supp. 2d 40, 57-58 (D. Mass. 2006). Thus, although plaintiffs assert a state law claim, what is at bottom

---

[1] While the Supreme Court's decision in *Hoffmann-La Roche* involved a collective action under the Age Discrimination in Employment Act ("ADEA"), the analysis applies to FLSA collective actions with equal force because the ADEA adopted the collective action enforcement provisions of the FLSA. *See* 29 U.S.C. § 626(b); *Hoffmann*, 982 F. Supp. at 261, n 15.

an action to recover federally mandated overtime wages cannot circumvent the opt-in collective action procedures set forth in Section 216. *Id. see also*, *Brayak v. New Bos. Pie, Inc.*, 292 F. Supp. 3d 520 (D. Mass. 2017).

"Where a plaintiff seeks to exercise her right to bring a collective action under the FLSA, district courts have broad discretion to facilitate the process of providing notice to other potential collective action plaintiffs." *See Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 169, 110 S. Ct. 482, 107 L. Ed. 2d 480 (1989) (noting district courts' discretion in the implementation of Section 216 classes). *See Keller-Brittle v. Collecto Inc.*, Civil Action No. 18-cv-11836-ADB, 2018 U.S. Dist. LEXIS 201361, at *5 (D. Mass. Nov. 28, 2018). Two methods have been used in this district for determining whether plaintiffs are similarly situated for preliminary certification of a Section 216 opt-in class: a two-step approach and the Rule 23 standard. *Trezvant v. Fid. Emplr. Servs. Corp.*, 434 F. Supp. 2d 40, 42 (D. Mass. 2006) (*citing Kane v. Gage Merch. Servs., Inc.*, 138 F. Supp. 2d 212, 214 (D. Mass. 2001); *Dionne v. Ground Round, Inc.*, No. 93-11083, 1994 U.S. Dist. LEXIS 21641, at *6-7 (D. Mass. July 6, 1994)). "While the First Circuit has not addressed the issue, most courts—including most district courts in this circuit—follow [the] two-step approach to determine whether to issue notice." *Cunha*, 221 F. Supp. 3d at 182 (*citing Trezvant*, 434 F. Supp. 2d at 43).

Under the two-step approach "the court makes an initial determination of whether [*6] the potential class should receive notice of the pending action and then later, after discovery is complete, the court makes a final 'similarly situated' determination." *Trezvant*, 434 F. Supp. 2d at 42. At the notice stage, the court usually relies on the pleadings and any affidavits that have been submitted. *Kane*, 138 F. Supp. 2d at 214. The determination is made based on a "fairly lenient standard" that requires plaintiffs "to put forth some evidence that the legal claims and factual

characteristics of the class in this case are similar." *Trezvant*, 434 F. Supp. 2d at 43-44. "In other words, the plaintiff must make 'a modest factual showing' that she and other employees, with similar but not necessarily identical jobs, suffered from a common unlawful policy or plan." *Prescott v. Prudential Ins. Co*., 729 F. Supp. 2d 357, 364 (D. Me. 2010). Given this lenient standard, a motion "typically results in 'conditional certification' of a representative class," though the scope of the certification may be narrower than that requested. *Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F.3d 1208, 1218 (11th Cir. 2001) (*quoting Mooney v. Aramco Servs. Co*., 54 F.3d 1207, 1213-14 (5th Cir.1995)); *see Prescott*, 729 F. Supp. 2d at 369-70 (D. Me. 2010) (considering the job categorizations, locations, and temporal scope of the collective action based on the information available to the court). Once discovery is complete, the defendant may file a motion for decertification, and "the Court can decide whether to decertify the class or to let the claimants [*7] proceed to trial as a collective action." *Trezvant*, 434 F. Supp. 2d at 45. In determining the scope of a collective action class at this second step, most courts focus on: (1) the disparate factual and employment settings; (2) defenses that may be individual to each plaintiff; and (3) fairness and procedural considerations. *Reeves v. Alliant Techsystems, Inc.*, 77 F. Supp. 2d 242, 247 (D.R.I. 1999).

**B. The Two Phase Certification Process for FLSA Collective Actions.**

The First Circuit has approved a two-step process for district courts to utilize in determining whether litigants should be permitted to proceed collective under Section 216(b). *See e.g. Camp v. Bimbo Bakeries USA, Inc.,* 2019 DNH 020 (describing the two-step process in detail); *see also Johnson*, 802 F. Supp. 2d at 233; *see also Prescott v. Prudential Ins. Co.,* 729 F. Supp. 2d 357, 364-65 (D. Me. 2010).

**First**, at an early stage in litigation, the court must make an initial determination limited strictly to whether the named plaintiffs are "similarly-situated" to the potential members of the

FLSA collective. *Id.* at 359; *accord O'Donnell v. Robert Half Int'l, Inc.,* 429 F. Supp. 2d 246, 249 (D. Mass. 2006) (citing *Kane*, 138 F. Supp. 2d, 214). To do so, the named plaintiffs need only make a very "minimal factual showing" that "(1) there is a reasonable basis for crediting the assertion that aggrieved individuals exist; (2) those aggrieved individuals are similarly situated to the plaintiff in relevant respects given the claims and defenses asserted; and (3) those individuals want to opt in to the lawsuit." *Johnson*, 802 F. Supp. 2d, 234; *accord Saunders v. Getchell Agency*, No. 1:13-cv-00244-JAW, 2014 U.S. Dist. LEXIS 17480, at *20 (D. Me. Feb. 12, 2014) (plaintiffs and potential plaintiffs need only make a "modest factual showing" that they "suffered from a common unlawful plan"). Then, the court should facilitate notice of the action to the potential members of the collective. For this reason, the initial phase is called the "notice stage."[2] *Davine v. Golub Corp.*, Civil Action No. 14-30136-MGM, 2015 U.S. Dist. LEXIS 37805, at *4 (D. Mass. Mar. 25, 2015); *see also Gonpo v. Sonam's Stonewalls & Art LLC*, Civil Action No. 16-40138-MGM, 2018 U.S. Dist. LEXIS 60333, at *10 (D. Mass. Apr. 9, 2018).

In light of the two-step process, the Plaintiff's burden to demonstrate that the Plaintiff and potential plaintiffs are similarly situation is "light," *Camp*, 2019 DNH 020. As discussed further below, the burden at this stage is light because "[t]he prejudice to [the Plaintiffs] of skipping the notice stage could be significant, while the prejudice to [the Defendants] is minimal since [they] are able to move for decertification at the close of discovery." *Saunders*, 2014 U.S. Dist. LEXIS 17480 at *23-24 (*quoting Prescott*, 729 F. Supp. 2d, 366) The Plaintiff merely need to show "a

---

[2] The "notice stage" is often referred to as "conditional certification," borrowing the term from Rule 23. This term is somewhat of a misnomer in FLSA actions as, unlike Rule 23, Section 216(b) does not have any "certification" provision, and FLSA plaintiffs are not required to establish any of the Rule 23 categories to proceed collectively. *Mendoza*, 2013 WL 5211839 at *2 ("FLSA collective actions, unlike class actions brought under Rule 23, need not satisfy the standards of numerosity, typicality, commonality, or representativeness."). That said, Plaintiffs here can easily meet even the most stringent standards for certification under 216(b) or Rule 23.

reasonable basis" for the claim that other similarly situated employees exist, *Johnson*, 802 F. Supp. 2d, 234.

Courts in this Circuit have routinely found that such a modest factual showing can be established from "a single supporting affidavit," *Venegas v. Glob. Aircraft Serv.*, No. 2:14-cv-249-NT, 2015 U.S. Dist. LEXIS 24517, at *7 (D. Me. Feb. 5, 2015); *see also Ortiz-Patino v. Kamcor, Inc.*, Civil Action No. 17-cv-12400-ADB, 2018 U.S. Dist. LEXIS 78781, at *1 (D. Mass. May 10, 2018) ("[C]ourts can grant conditional certification based on a single affidavit where appropriate."). As well, courts in this Circuit have allowed collective certification based on hearsay because the evidentiary standards applicable to the evidence in support of summary judgment do not apply at the first stage of collective certification, *see Barber v. Bauer Hockey, LLC*, 2022 DNH 129 n.4.

If Plaintiffs satisfy their burden of showing that "similarly-situated" employees exist, the court should conditionally certify the collective and order that appropriate notice be given to the members of the FLSA Collective to afford them the opportunity to opt-in to the action. *Johnson*, 802 F. Supp. 2d, 233-34; *see also Macklin v. Biscayne Holding Corp.,* No. 19-561WES, 2020 U.S. Dist. LEXIS 203890, at *21-22 (D.R.I. Nov. 2, 2020) (holding that if Plaintiffs and potential plaintiffs are similarly situated, "the court enters an order of conditional certification and directs the giving of notice to potential class members so that they may choose whether to opt-in.").

***Second***, typically after a substantial period of discovery has been completed, the defendants may move for "decertification," where the district court will be asked to conduct a somewhat more stringent analysis of whether the plaintiffs who have opted-in are in fact "similarly-situated" to the named plaintiffs. *Johnson*, 802 F. Supp. 2d, 234; *Prescott*, 729 F. Supp. 2d, 364 ("Later, when discovery is complete, an employer may move to decertify the collective

action. This is the 'second' stage […]"). The action may be decertified if the record reveals that they are not similarly-situated, and the opt-ins' claims may be dismissed without prejudice. *Id*. This second step utilizes a "stricter standard" to "examine more closely the question of whether particular members of the class are, in fact, similarly situated." *Klapatch v. BHI Energy I Power Servs., LLC*, No. 18-11581-RGS, 2019 U.S. Dist. LEXIS 28134, at *4 (D. Mass. Feb. 22, 2019) (*citing Comer v. Wal-Mart Stores, Inc.*, 454 F.3d 544, 547 (6th Cir. 2006))

Importantly, it is indisputable that the underlying merits of Plaintiffs' claims should not be litigated at this stage, but at summary judgment and/or at trial. *See e.g. Mejias v. Banco Popular De P.R.*, 86 F. Supp. 3d 84, 87 (D.P.R. 2015) (Holding that "at this early stage of the litigation, the Court does not [make] credibility determinations or reach the merits of plaintiffs' claims."); *Lichy v. Centerline Communs. LLC*, Civil Action No. 15-cv-13339-ADB, 2018 U.S. Dist. LEXIS 51290, at *10 (D. Mass. Mar. 28, 2018) ("[C]ourts routinely hold that consideration of the merits of the underlying case is not appropriate on a motion for conditional certification."); *Romero v. Clean Harbors Surface Rentals USA, Inc.*, 368 F. Supp. 3d 152, 162 (D. Mass. 2019) (Granting conditional certification and finding Defendants' merit arguments "unavailing"); *Jennings v. Cellco P'ship*, No. 12-00293 (SRN/TNL), 2012 U.S. Dist. LEXIS 90994, at *14-15 (D. Minn. July 2, 2012) (Holding that Defendants' arguments attacking the merits of Plaintiffs' claims are "inappropriate at this stage of the proceeding"); *cf. Hoffmann-La Roche Inc.*, 493 U.S. at 174, 110 ("trial courts must take care to avoid even the appearance of judicial endorsement of the merits of the action."). At this stage, some Courts have stated that, plaintiffs are not required to provide "the times and dates" of the conversations, so long as a court "'can fairly infer' that other [employees] 'labored under similar working conditions and thus suffered the same violations of the FLSA." *Racey v. Jay-Jay Cabaret, Inc.*, 2016 WL 3020933, at *4 (*quoting Guzman v. Three Amigos SJL*

Inc., 117 F. Supp. 3d 516, 525 (S.D.N.Y. 2015)).

### C. Plaintiffs have made the Required Showing that they are similarly-situated to the members of the FLSA Collective

In *Kane*, 138 F.Supp.2d, 214, this Court held:

> "Indeed, some courts have held that, at the 'notice' stage, plaintiffs need only make substantial allegations that the putative class members were subject to a single decision, policy, or plan that violated the law."

*See also Reeves v. Alliant Techsystems, Inc.*, 77 F. Supp. 2c 242, 247 (D.R.I. 1999), *quoting Mooney v. Aramco Services Co.,* 54 F.3d 1207, 1214 (5th Cir. 1995) n. 8 ("Courts have held that plaintiffs can meet this ["similarly situated"] burden by simply alleging "that the putative class members were together the victims of a single decision, policy, or plan" that violated the law.).

The experience of Plaintiff Cao was not unique; rather the manner in which they were compensated was and remains standard operating procedure with regard to other chefs, wait staff, busboys, bartenders, and hosts and hostesses, across the Defendants' locations. The "similarly situated" standard is met where the collective members share similar job requirements and pay provisions. *Begin v. Lawn Beauticians, Inc.*, No. 15-048L, 2015 U.S. Dist. LEXIS 173962, at *11 (D.R.I. Nov. 3, 2015). Here, employees named in Plaintiff Cao's affidavit had similar hours worked in a workweek as the Plaintiff. Although non-Chinese employees were paid a base wage in addition to tips earned, Chinese employees were not paid a base wage intentionally due to the Defendants believing them to be undocumented. *See* **Ex. 9**, Cao Aff. ¶¶ 48–49.

### D. The Victims of Defendants' Unlawful Violations Extend to All Non-Managerial Employees.

Prospective class members need not be identically situated to the named plaintiffs or to each other. *Venegas*, 159 F. Supp. 3d, 106 (holding that the plaintiffs need not have identical job duties and pay provisions but only need to be victims of a common policy or plan).

Moreover, it does not matter that Prospective Collective Action Members perform

different duties as long as they share similar job functions and pay provisions. *See, e.g., Davis v. Footbridge Eng'g Servs., LLC*, No. 1:09-cv-11133-NG, 2010 U.S. Dist. LEXIS 106523, at *2 (D. Mass. Oct. 5, 2010). *See als*o, *Lichy*, 2018 U.S. Dist. LEXIS 51290, at *8 (finding that foremen and technician are similarly situated). Nor does the fact that they were employed at different times affect the determination of granting class notice.

In the case *of Roy v. FedEx Ground Package Sys*., it was established that "similarly situated employees may sue collectively for violations of the rule requiring employers to pay overtime compensation to employees who work more than 40 hours per week". The term "similarly situated" is not defined by statute, but district courts in the First Circuit generally apply a three-factor test that considers the factual and employment settings of the individual plaintiffs, the different defenses to which plaintiffs may be subjected on an individual basis, and the degree of fairness and procedural impact of decertification *Roy v. FedEx Ground Package Sys*., 2024 U.S. Dist. LEXIS 57669. In the instant matter, all non-managerial employees of Defendants are similarly situated as they were victims of Defendants' widespread common policy of understating and underpaying their employees' overtime payment, and willfully paying less than minimum wages as required by the FLSA. Plaintiff Cao was employed as a Server. Plaintiff further alleges that there were other victims of Defendants' widespread common policy or plan that violates the FLSA. *See* Cao Aff. ¶¶ 48–53. Accordingly, Plaintiffs exceed the low burden for conditional certification of all non-managerial employees of Defendants.

E.  On This Motion, The Court Does Not Decide the Merits of the Claims or Defenses.

Because in this type of motion, the "*similarly situated*" determination is preliminary only, notice "need not await a final determination that the 'similarly situated' requirement is satisfied. Such a requirement would indeed place an ADEA [and FLSA] action in the 'chicken and egg limbo' …" *Severtson v. Phillips Beverage Co*., 137 F.R.D. 264, 267 (D. Minn. 1991). Accord,

*Garner v. G.D. Searle Phamaceuticals & Co.*, 802 F.Supp. 418, 423 nn.3 & 4 (M.D. Ala. 1991);

*Roebuck v. Hudson Valley Farms, Inc.*, 239 F.Supp. 2d 234, 238 (N.D.N.Y. 2002); *Grayson v. K*

*Mart Corporation*, 79 F.3d 1086, 1099 n.17 (11th Cir. 1996).

    *Garner, supra*, held "The court is not required, nor would it be well-advised, to adjudicate this case its merits before resolving the issue of class notification. A primary purpose of notification is to locate other similarly-situated employees who may wish to bring their claims to the court's attention before this litigation is resolved."

F.  The Motion Should Not Be Delayed for Discovery

    The very nature of the motion dictates that it should not be delayed for Defendants to obtain discovery. The purpose of discovery by Defendants is to develop evidence to rebut plaintiffs' claims. However, on a motion for conditional certification under the FLSA, the Court does not resolve conflicts in the evidence. Even if Defendants submit evidence to attempt to contradict Plaintiffs' evidence, that makes no difference in this motion. Plaintiffs' burden is only to submit "substantial allegations" to contradict whatever evidence Defendants submit. *Grayson v. K Mart Corporation*, 79 F.3d 1086, 1099, n. 17 (11th Cir. 1996). That evidence has already been submitted by plaintiff in the accompanying affidavit attached as **Exhibit 9**.

**V.    PLAINTIFF HAS MORE THAN SATISIFED THE STANDARD FOR GRANTING THIS MOTION.**

    In *Kane v. Gage Merchandising Services, Inc.*, 138 F.Supp.2d 212, 214 (D. Mass.2001), this Court held:

> Indeed, some courts have held that, at the 'notice' stage, plaintiffs need only make substantial allegations that the putative class members were subject to a single decision, policy, or plan that violated the law.

*See also Reeves v. Alliant Techsystems, Inc.,* 77 F. Supp. 2c 242, 247 (D.R.I. 1999), quoting

*Mooney v. Aramco Services Co.*, 54 F.3d 1207, 1214 (5th Cir. 1995) n. 8 ("Courts have held that

plaintiffs can meet this ["similarly situated"] burden by simply alleging "that the putative class members were together the victims of a single decision, policy, or plan" that violated the law.).

The affidavit and the complaint show that the Covered Employees are similarly situated because they are all subject to same wage policy of Defendants regardless of their job duties or titles. *See* **Ex. 9**, Cao Aff. ¶ 51.

The Covered Employees also are similarly situated with respect to only defense Defendants could proffer: an exemption to the overtime requirements of the FLSA. The law is clear that any non-exempt non-managerial employee, is not exempted from the overtime requirements of the FLSA. 29 U.S.C. § 213(a) and (b), if he or she worked more than forty hours per week.

The "similarly situated" standard is met where the collective members share similar job requirements and pay provisions. *Dybach v. Florida Department of Corrections*, 942 F.2d 1562, 1567–68 (11th Cir. 1991); *Belcher v. Shoney's, Inc.,* 927 F. Supp. 249, 251 (M.D. Tenn. 1996). Here, pay provisions were the same for all the employees who worked for more than forty hours per week and were still not paid the overtime pay for them. *Id.*

In *Realtie v. Ark Restaurants Corp.,* 7 F. Supp. 2d 303, 308 (S.D.N.Y. 1998), the court ordered conditional certification and collective notice in an FLSA action, finding that plaintiffs met the similarly situated standard. Plaintiffs were current and former nonmanagerial employees in a variety of positions including waiter, dishwasher, cook, and security guard, working at 15 different restaurants with different names, menus and atmospheres. Plaintiffs alleged a scheme to avoid paying minimum wage and overtime. In approving notice to the collective members, the court noted the "modest factual showing" that is adequate at the preliminary notice stage. *Id*. at 306. *See also Roebuck v. Hudson Valley Farms, Inc.*, 239 F. Supp. 2d 234, 238 (N.D.N.Y. 2002); *Hipp v. Liberty National Life Ins. Co.*, 252 F.3d 1208, 1819 (11th Cir. 2001) ("different

geographical locations" immaterial to similarly situated determination); *Belcher v. Shoney's, Inc.*, 927 F. Supp. 249, 252 ("similarly situated" despite working in at least 22 states and 200 cities); *Allen v. Marshall Field & Co.*, 93 F.R.D. 438, 442 (N.D.Ill. 1982) (certification and notice appropriate in ADEA action even though plaintiffs "occupied varying positions in its corporate hierarchy, worked in different stores in various geographic locations, and allege[d] discriminatory actions occurring on vastly different dates").

## VI. NOTICE IS PROPERLY ACCOMPANIED BY CONDITIONAL CERTIFICATION

In *Hipp v. Liberty National Life Ins. Co.*, 252 F.3d 1208, 1218-1220 (11th Cir. 2001), *accord*, *Kane v. Gage Merchandising Services, Inc.*, 138 F.Supp.2d 212 (D. Mass. 2001), the appellate court affirmed certification, along with notice of an "opt-in" class under the collective action provisions of the FLSA. The court noted that the preferred approach for class certification issues in suits under the ADEA (which incorporate the collective action provisions of the FLSA) follows a two-tiered approach:

At the notice stage, the court makes a decision, usually based on the pleadings and affidavits, whether notice should be given, a "fairly lenient standard," which "typically results in "conditional certification of a representative class," (*Hipp* at 1218). If the court conditionally certifies the class, the putative members are given notice and the opportunity to opt-in.

Defendants may later file a motion for decertification after discovery is largely complete. If the claimants then are determined to be similarly situated, the court allows the representative action to proceed to trial. "If the [class members] are similarly situated, the district court allows the representative action to proceed to trial. If not, the district court decertifies the class, dismisses without prejudice the opt-in plaintiffs, and allows the class representative[s] to proceed to trial on [their] individual claims." *Roy v. FedEx Ground Package Sys.*, No. 3:17-cv-30116-KAR, 2024

U.S. Dist. LEXIS 57669, at *10 (D. Mass. Mar. 29, 2024).

## VII. DISCOVERY OF NAMES, ADDRESSES AND TELEPHONE NUMBERS IS PROPER AND NECESSARY UNDER HOFFMANN-LAROCHE

*Hoffmann-LaRoche* sustained the district court's discovery order of names and addresses. It is important that the discovery was by way of motion, not by way of interrogatories, requests for production, or any of other means provided for in the discovery rules of the Federal Rules of Civil Procedure. *Hoffmann-La Roche*, supra, 493 U.S. at 168, 169, 170 (1989). Courts usually grant discovery of names, addresses and telephone numbers of the collective members. *See O'Connor v. Oakhurst Dairy*, No. 2:14-cv-00192-NT, 2015 U.S. Dist. LEXIS 67029, at *10 (D. Me. May 22, 2015) (Plaintiffs request that their counsel be provided with the names, addresses, e-mail addresses, and telephone numbers of all potential collective action members within fourteen days of this Order. Court granted this request.).

## VIII. THE PROPOSED NOTICE IS FAIR AND ADEQUATE AND SHOULD BE SENT BY MAIL, EMAIL and TEXT:

The proposed Notice provides clear instructions on how to opt in, and accurately states the prohibition against retaliation or discrimination for participation in an FLSA action. Such retaliation is prohibited by law. 29 U.S.C. 215(a)(3); *Reich v. Davis*, 50 F.3d 962, 964 (11th Cir. 1995). Recognizing the reality of modern communication and its potential to advance the remedial goals of the FLSA, numerous courts, including this Court and those in this Circuit, have found it appropriate to distribute notice by way of e-mail in addition to mail. *See e.g.*, *Gardner v. Fallon Health & Life Ins. Co., Inc., No. CV 4:19-40148-TSH, 2021 WL 4459525, at *4 (D. Mass.* Sept. 29, 2021) (citing *Romero v. Clean Harbors Surface Rentals USA, Inc*., 368 F. Supp. 3d 152, 163 (D. Mass.), *opinion clarified*, 404 F. Supp. 3d 529 (D. Mass. 2019); ("The Court will allow the plaintiffs to send the initial notice by mail, e-mail, and text message…Courts routinely allow notice by e-mail."); *Torrezani v. VIP Auto Detailing, Inc.*, 2017 WL 2951618, at *2 (D. Mass. May 31,

2017); *Pogue v. Chisholm Energy Operating, LLC*, 2021 WL 5861184, at *9 (D.N.M. Dec. 10, 2021) (finding mail, email, and text message as appropriate methods for notice distribution); *German v. Holtzman Enter., Inc.*, No. 19-cv-03540-PAB-STV, 2021 WL 1087718, at *5 (D. Colo. Mar. 22, 2021) (ordering production of name, address, email address, and telephone number of putative collective members to ensure proper notice is given); *Atkinson v. TeleTech Holdings, Inc.,* No. 3:14–cv–253, 2015 WL 853234, at *5 (S.D. Ohio Feb. 26, 2015) (approving e-mail notice to call center employees, noting it "appears to be in line with the current nationwide trend," and that "it advances the remedial purpose of the FLSA").

## IX.    THIS COURT SHOULD GRANT A NINETY (90) DAYS OPT-IN PERIOD FOR ADDITIONAL PLAINTIFFS TO JOIN THIS LITIGATION AND FOR REMINDER NOTICE TO BE ISSUED TO THOSE WHO HAVE NOT YET RESPONDED:

Plaintiffs request that the Court approve a 60-day opt-in period and allow Plaintiffs to issue one reminder email thirty (30) days into the notice period to those who have not yet responded to the initial opt-in notice. Courts commonly approve reminders, particularly given the fact that the COVID-19 pandemic has created barriers to communication with collective members. *See, e.g.*, *McCloud v. McClinton Energy Grp., L.L.C.*, 2015 U.S. Dist. LEXIS 20374, 2015 WL 737024, at *10 (W.D. Tex. Feb. 20, 2015) (Court recognized that, a notice longer than sixty days can be appropriate where there are extenuating circumstances or potential plaintiffs may be difficult to contact.). The potential opt-in plaintiffs similarly in the instant matter, are likely to be young and uniquely unfamiliar with American laws and our court system, so erring on the side of a longer notice period is reasonable. Indeed, the *Beltran* court allowed a 120-day opt-in period and a sixty-day reminder notice. 2017 U.S. Dist. LEXIS 205079, 2017 WL 4418684, at *7. Accordingly, the court finds that a ninety-day opt-in period and forty-five-day reminder notice is reasonable here." *Posada v. Cultural Care, Inc*., Civil Action No. 1:20-cv-11862-IT, 2023 U.S. Dist. LEXIS 106061,

at *31 (D. Mass. June 20, 2023). *See also*, *Noll v. Flowers Foods, Inc., No*. 1:15-cv-00493-JAW,
2017 U.S. Dist. LEXIS 7923, at *6 (D. Me. Jan. 20, 2017) (The putative class members shall have
ninety (90) days from the date of this Order to join the case.).

Similarly, the proposed reminder notices (Exhibits 06-08) to mail to the potential opt-ins,
by mail, email and text messages should be granted. *Gardner v. Fallon Health & Life Ins. Co.
Inc*., No. 4:19-cv-40148-TSH, 2021 U.S. Dist. LEXIS 186573, 2021 WL 4459525, at *4 (D. Mass.
Sept. 29, 2021)" ([c]ourts routinely allow notice by e-mail" and "also regularly allow plaintiffs to
send a reminder notice,"). *See Preston v. World Travel Holdings, Inc*., No. 1:23-cv-12389-JEK,
2024 U.S. Dist. LEXIS 23070, at *19 (D. Mass. Feb. 9, 2024) (Preston is permitted to send the
initial notice by mail and email, as well as a reminder notice by email to those who did not respond
within thirty days of the initial notice.).

## X.    CONCLUSION

There is no doubt that the plaintiff has established a class of similarly situated employees.
The class should be promptly notified that the case is pending so they can decide whether to "opt-
in" to the case, and to protect their claims against the statute of limitations.

Dated: November 26, 2025
       Flushing, New York

> Respectfully submitted,
> TROY LAW, PLLC
>
> */s/ Tiffany Troy*
> Tiffany Troy
> 41-25 Kissena Boulevard
> Suite 110
> Flushing, NY 11355
> Tel: (718) 762-1324
> *Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

**TIFFANY TROY**, an attorney admitted to practice law in the District of Massachusetts, hereby affirms under penalty of perjury that:

1. I am an associate of Troy Law, PLLC., attorneys for the Plaintiff in this action and I have knowledge about the matters at hand.

2. I hereby certify that on the day of November 26, 2025 a copy of the foregoing document was filed electronically through the Court's ECF system and that counsel for Plaintiff is a registered user of the ECF system.

Dated: November 26, 2025
Flushing, New York

Respectfully submitted,
TROY LAW, PLLC

/s/ Tiffany Troy
Tiffany Troy
41-25 Kissena Boulevard
Suite 110
Flushing, NY 11355
Tel: (718) 762-1324
*Attorney for Plaintiff*