**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**
-----------------------------------------------------------------x
DENGTAO CAO
    a/k/a Phillip Cao,
*on behalf of himself and others similarly situated,*
                                       Plaintiff,

                    v.                     Case No. 24-cv-11797 (JEK)

HUNGRY POT DARTMOUTH INC.,
HUAXIN CHEN,
HONG AN ZHENG,
YI PING ZHENG,
SHUO CHEN, and
LEO "DOE,"
                                        Defendants.
-----------------------------------------------------------------x

**REPLY MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR CONDITIONAL CERTIFICATION PURSUANT TO THE FAIR LABOR STANDARDS ACT**

Tiffany Troy, Esq.
Aaron B. Schweitzer, Esq.
TROY LAW, PLLC
*Attorneys for Plaintiff*
41-25 Kissena Blvd., Suite 110
Flushing, NY 11355
Tel: (718) 762-1324

**TABLE OF CONTENTS**

**PRELIMINARY STATEMENT** ........................................................................................... 1
**ARGUMENT** .......................................................................................................................... 1
   **I.   THE COURT MUST DECLINE TO ADOPT THE STANDARDS SET FORTH BY THE FIFTH OR SIXTH CIRCUITS IN DETERMINING WHETHER CONDITIONAL CERTIFICATION IS APPROPRIATE** ................................................................................. 1
   **II.   THE COURT SHOULD GRANT PLAINTIFF'S MOTION, AS PLAINTIFF ESTABLISHED THAT THE PROPOSED COLLECTIVE IS "SIMILARLY SITUATED"** ................................................................................................................. 5
   **III.   WHILE THE NOTICE AND MANNER OF ITS DISTRIBUTION ARE AT THE DISCRETION OF THE COURT; THE METHODS OF DISTRIBUTION AND CONTENTS OF THE PROPOSED FORM ARE SOUND** .................................................. 7
   **IV.   EQUITABLE TOLLING IS WARRANTED** ........................................................... 9
**CONCLUSION** ....................................................................................................................... 9

# TABLE OF AUTHORITIES

**Cases**

*Albanil v. Coast 2 Coast, Inc.*, Civil Action No. H-08-486, 2008 U.S. Dist. LEXIS 93035, 2008 WL 4937565, at *6 (S.D. Tex. Nov. 17, 2008) .................................................................. 8

*Arnold v. DirecTV, LLC*, Case No. 4:10-CV-352-JAR, 2017 U.S. Dist. LEXIS 48472, 2017 WL 1251033, at *2 (E.D. Mo. Mar. 31, 2017) ......................................................................... 3

*Belanger v. Ocean State Jobbers Inc.*, No. 2:24-cv-00103, 2025 LX 409550, at *4 n.3 (D. Me. Sep. 26, 2025) ................................................................................................................. 6

*Burns v. City of Holyoke*, 881 F. Supp. 2d 232, 234 (D. Mass. 2012) ........................................ 5, 7

*Chun Lin Jiang v. Kobe Japanese Steakhouse, Inc.*, Civil Action No. 22-11867-FDS, 2024 U.S. Dist. LEXIS 212958, at *25 (D. Mass. Nov. 22, 2024) ............................................ 5

*Clark v. A&L Homecare & Training Ctr., LLC*, 68 F.4th 1003, 1011 (6th Cir. 2023) .................. 4

*Davis v. Footbridge Eng'g Servs., LLC*, No. 1:09-cv-11133-NG, 2010 U.S. Dist. LEXIS 106523, at *2 (D. Mass. Oct. 5, 2010) ......................................................................... 10

*Drake v. Tufts Associated HMO, Inc.*, No. 19-11876-FDS, 2021 U.S. Dist. LEXIS 125814, 2021 WL 2767308, at *3 n.3 (D. Mass. Feb. 12, 2021) ...................................................... 6

*E.M.D. Sales, Inc. v. Carrera*, 604 U.S. 45, 54 (2025) .................................................................. 4

*Gardner v. Fallon Health & Life Ins. Co.*, No. 4:19-40148-TSH, 2021 U.S. Dist. LEXIS 186573, at *12 (D. Mass. Sep. 29, 2021) ....................................................................... 12, 13

*Humphries v. Medminder Sys., Inc.*, Civil Action No. 1:24-cv-10559-IT, 2025 LX 78435, at *13 (D. Mass. May 2, 2025) ................................................................................................... 11

*Johnson v. VCG Holding Corp.*, 802 F. Supp. 2d 227, 234 (D. Me. 2011) ................................ 8, 9

*Kane v. Gage Merch. Servs.*, 138 F. Supp. 2d 212, 214 (D. Mass. 2001) .................................. 2, 7

*Krupp v. Impact Acquisitions LLC*, No. 14-C-950-PP, 2016 WL 7190562, at *5 (E.D. Wis. Dec. 12, 2016) ........................................................................................................................... 4

*Lusardi v. Xerox Corp.*, 118 F.R.D. 351 (D.N.J. 1987) .................................................................. 2

*Melendez Cintron v. Hershey P.R., Inc.,* 363 F. Supp. 2d 10, 16 (D.P.R. 2005) ........................ 2, 3

*Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1260 (11th Cir. 2008) .............................. 8

*Neves v. Holder*, 613 F.3d 30, 36 (1st Cir. 2010) ....................................................................... 12

*Prescott v. Prudential Ins. Co.*, 729 F. Supp. 2d 357, 364 (D. Me. 2010) .................................... 8

*Reeves v. Alliant Techsystems, Inc.*, 77 F. Supp. 2d 242, 246 (D.R.I. 1999) ................................. 2

*Roy v. FedEx Ground Package Sys., Inc.*, 353 F. Supp. 3d 43, 75 (D. Mass. 2018) .................... 11

*Roy v. FedEx Ground Package Sys.*, No. 3:17-cv-30116-KAR, 2024 LX 185889, at *10 (D. Mass. Mar. 29, 2024) .......................................................................................................... 3

*Scovil v. FedEx Ground Package Sys.*, 886 F. Supp. 2d 45, 57 (D. Me. 2012) ........................... 10

*Sigler v. Homesite Grp. Inc.*, No. 24-cv-12477-DJC, 2025 LX 575283, at *6 (D. Mass. Dec. 12, 2025) ................................................................................................................................ 5, 6

*Swales v. KLLM Transp. Servs., L.L.C.,* 985 F.3d 430, 434 (5th Cir. 2021) .................................. 3

*Torrezani v. VIP Auto Detailing, Inc.*, 2017 U.S. Dist. LEXIS 166686, 2017 WL 2951618, at *2 (D. Mass. May 31, 2017) ................................................................................................... 11

*Trezvant v. Fid. Emplr. Servs. Corp.*, 434 F. Supp. 2d 40, 43 (D. Mass. 2006) ..................... 2, 5, 6

*Venegas v. Glob. Aircraft Serv.*, 159 F. Supp. 3d 93, 106 (D. Me. 2016) ..................................... 9

*Vye v. Hannaford Bros. Co.*, No. 2:24-cv-00339-NT, 2025 U.S. Dist. LEXIS 179981, 2025 WL 2640068, at *2 (D. Me. Sept. 15, 2025).......................................................................................... 6
*Waters v. Day & Zimmermann NPS, Inc.*, 23 F.4th 84, 89 (1st Cir. 2022) ..................................... 6

Plaintiff Dengtao Cao, on behalf of himself and others similarly situated, submits this memorandum in reply to the Defendants' opposition to Plaintiff's Motion for Conditional Collective Certification.

## PRELIMINARY STATEMENT

Plaintiff's motion for conditional collective certification shows sufficiently under the modest factual showing standard applicable, and by specific allegations, that Defendants had a common policy of denying employees minimum wage and overtime regardless of their job classification, job duties, and the other terms and conditions of employment. Thus Plaintiff's Motion for Conditional Collective Certification should be granted, over Defendants' objection.

## ARGUMENT

In their opposition brief, Defendants HUNGRY POT DARTMOUTH INC., HUAXIN CHEN, HONG AN ZHENG, YI PING ZHENG, SHUO CHEN ("Opposing Defendants") argue that Plaintiff fails to satisfy the burden required for conditional class certification. Opposing Defendants primarily argue that (1) "[t]he Court should adopt the legal standard set forth by the Fifth or Sixth Circuit for determining whether conditional certification is appropriate[;]" (2) [e]ven if the Court applies the two-tiered *Lusardi* approach to Plaintiff's motion, it should be denied because it fails to establish that the proposed collective is 'similarly situated[;]'" (3) "[i]f the Court certifies the collective, the Court should modify Plaintiff's notice and manner of distribution" and (4) "[e]quitable tolling is not warranted." *See* ECF No. 57.

For the reasons stated below, Opposing Defendants are incorrect in all respects, and Plaintiff's motion should be granted.

**I. THE COURT MUST DECLINE TO ADOPT THE STANDARDS SET FORTH BY THE FIFTH OR SIXTH CIRCUITS IN DETERMINING WHETHER CONDITIONAL CERTIFICATION IS APPROPRIATE**

1

Opposing Defendants first argue that the legal standard to be adopted by this Court in granting conditional certification is the stricter test adopted by the Fifth and Sixth Circuits, and not the more "lenient" test known as *Lusardi*. *See Lusardi v. Xerox Corp.*, 118 F.R.D. 351 (D.N.J. 1987).

As discussed by the Plaintiff in this Motion and by the Opposing Defendants, courts in this District and in the First Circuit have generally applied a two-tiered approach in judging whether conditional certification is appropriate. This two-tiered approach involves first, a determination of whether the proposed collective is "similarly situated" to the named Plaintiff and whether notice can thus be given to the putative members. *Kane v. Gage Merch. Servs.*, 138 F. Supp. 2d 212, 214 (D. Mass. 2001) (citing *Reeves v. Alliant Techsystems, Inc.*, 77 F. Supp. 2d 242, 246 (D.R.I. 1999)); *Trezvant v. Fid. Emplr. Servs. Corp.*, 434 F. Supp. 2d 40, 43 (D. Mass. 2006) (citing *Melendez Cintron v. Hershey P.R., Inc.,* 363 F. Supp. 2d 10, 16 (D.P.R. 2005)). *See also* ECF No. 53 at *25 and ECF No. 57 at *6. At this stage, the "determination is made using a fairly lenient standard, which typically results in conditional certification of the representative class." *Trezvant*, 434 F. Supp. 2d at 43 (citing *Melendez Centron*, 434 F. Supp. 2d at 16). At the second stage, after discovery has been completed or is largely complete, defendants may file a motion for decertification. *Roy v. FedEx Ground Package Sys.*, No. 3:17-cv-30116-KAR, 2024 LX 185889, at *10 (D. Mass. Mar. 29, 2024) (citing *Arnold v. DirecTV, LLC*, Case No. 4:10-CV-352-JAR, 2017 U.S. Dist. LEXIS 48472, 2017 WL 1251033, at *2 (E.D. Mo. Mar. 31, 2017)). *See also* ECF No. 53 at *25-26 and ECF No. 57 at *6-7.

Opposing Defendants refer to decisions made in the Fifth and Sixth Circuits that reject this two-step approach. In *Swales*, decided by the Fifth Circuit Court of Appeals, the Court expressly rejected the two-step approach as too lenient, stating that "a district court must rigorously

scrutinize the realm of "similarly situated" workers, and must do so from the outset of the case, not after a lenient, step-one 'conditional certification.' Only then can the district court determine whether the requested opt-in notice will go to those who are actually similar to the named plaintiffs." *Swales v. KLLM Transp. Servs., L.L.C.,* 985 F.3d 430, 434 (5th Cir. 2021). In *Clark*, the Sixth Circuit adopts neither the *Lusardi* approach nor the approach of the Fifth Circuit and instead provides that "for a district court to facilitate notice of an FLSA suit to other employees, the plaintiffs must show a "strong likelihood" that those employees are similarly situated to the plaintiffs themselves … That standard requires a showing greater than the one necessary to create a genuine issue of fact, but less than the one necessary to show a preponderance." *Clark v. A&L Homecare & Training Ctr., LLC*, 68 F.4th 1003, 1011 (6th Cir. 2023). Opposing Defendants further cite *Carrera*, a Supreme Court decision that "provides further basis to reject the 'lenient' standard under the FLSA." ECF No. 57 at *6. *See also E.M.D. Sales, Inc. v. Carrera*, 604 U.S. 45, 54 (2025). Opposing Defendants argue that applying the Fifth or Sixth Circuit's methodology "would promote judicial efficacy and economy." ECF No. 57 at *8. Citing *Krupp*, Opposing Defendants state that "a plaintiff's discovery demands after certification is likely to impose 'a tremendous financial burden to the employer' and courts must be careful to guard against wasting a party's time and resources where certification is not appropriate at the outset." ECF No. 57 at *8 (citing *Krupp v. Impact Acquisitions LLC*, No. 14-C-950-PP, 2016 WL 7190562, at *5 (E.D. Wis. Dec. 12, 2016)).

While Opposing Defendants invite this Court to apply either of the stricter standards set by Courts of Appeals of the Fifth and Sixth Circuits, the fact remains that in this District and Circuit, courts are still inclined to apply the *Lusardi* two-tiered approach. In as recently as December 2025, this District Court was also met with a defendant's invitation to adopt a stricter standard as to class

certification and still employed the two-step approach. *Sigler v. Homesite Grp. Inc.*, No. 24-cv-12477-DJC, 2025 LX 575283, at *6 (D. Mass. Dec. 12, 2025). The District Court pointed out that while there is a "[a]lthough the termination that a putative collective is similarly situated 'is made using a fairly lenient standard' at the initial notice stage of the two-step approach, '*the standard is not 'invisible.'*'" *Id*. (citing *Chun Lin Jiang v. Kobe Japanese Steakhouse, Inc.*, Civil Action No. 22-11867-FDS, 2024 U.S. Dist. LEXIS 212958, at *25 (D. Mass. Nov. 22, 2024) (itself citing *Burns v. City of Holyoke*, 881 F. Supp. 2d 232, 234 (D. Mass. 2012)) (emphasis added). Under the two-step approach, the plaintiff is still "'required to put forth some evidence that the legal claims and factual characteristics of the [collective] in this case are similar.'" *Sigler*, 2025 LX 575283 at *12 (citing *Trezvant*, 424 F. Supp. 2d at 44). In this Court's sister district in Maine, the court less than half a year ago also declined to apply the more rigorous standard set forth by the Fifth Circuit, "'in light of the weight of authorities from courts in the First Circuit and elsewhere' that adhere to the two-step certification procedure." *Belanger v. Ocean State Jobbers Inc.*, No. 2:24-cv-00103, 2025 LX 409550, at *4 n.3 (D. Me. Sep. 26, 2025) (citing *Drake v. Tufts Associated HMO, Inc.*, No. 19-11876-FDS, 2021 U.S. Dist. LEXIS 125814, 2021 WL 2767308, at *3 n.3 (D. Mass. Feb. 12, 2021); *Waters v. Day & Zimmermann NPS, Inc.*, 23 F.4th 84, 89 (1st Cir. 2022); *Vye v. Hannaford Bros. Co.*, No. 2:24-cv-00339-NT, 2025 U.S. Dist. LEXIS 179981, 2025 WL 2640068, at *2 (D. Me. Sept. 15, 2025)).

Thus, case law in this Circuit has acknowledged, examined, and ultimately declined invitations to reconsider the two-step approach in favor of the more rigorous standards in the Fifth and Sixth Circuits. As indicated in *Sigler*, the two-step approach is hardly toothless and in fact, requires the setting forth of evidence to be considered by the Court. *See Sigler*, 2025 LX 575283 at *12 (citing *Trezvant*, 424 F. Supp. 2d at 44). In light of the above, this Court must therefore

decline the Opposing Defendants' invitation to adopt the standards set by the Fifth and Sixth Circuits as to granting class certification.

### II. THE COURT SHOULD GRANT PLAINTIFF'S MOTION, AS PLAINTIFF ESTABLISHED THAT THE PROPOSED COLLECTIVE IS "SIMILARLY SITUATED"

Opposing Defendants argue that should this Court decline to adopt the standards in the Fifth and Sixth Circuits in their rejection of the two-tiered approach, "it should nonetheless deny Plaintiff's Motion because he has failed to satisfy his burden on the First Circuit's 'notice stage[.]'" ECF No. 57 at *8 (citing *Burns*, 881 F. Supp. 2d at 236).

As discussed by Opposing Defendants, *Burns* sets forth three requirements to grant certification. The plaintiff must "'put forth some evidence that [first] the *legal claims* and [second, the] *factual characteristics* of the class in [the] case are similar.'" *Burns*, 881 F. Supp. 2d at 235 (citing *Trezvant*, 434 F. Supp. 2d at 44 (itself citing *Kane*, 138 F. Supp. 2d at 215)) (emphases added). Third, there must be putative collective action members who are interested in joining the suit. *Burns*, 881 F. Supp. 2d at 236 (denying certification in face of the "the ambiguity with respect to the number and interest of the putative class members[.]").

Opposing Defendants argue that Plaintiff fulfills none of the three requirements under *Burns.* ECF No. 57 at *9.

Plaintiff disagrees. On a threshold matter, while plaintiffs "have 'the burden of showing a reasonable basis for [their] claim that there are other similarly situated employees[,]'" this stage requires only a "minimal factual showing" for certification to be granted. *See Johnson v. VCG Holding Corp.*, 802 F. Supp. 2d 227, 234 (D. Me. 2011) (citing *Prescott v. Prudential Ins. Co.*, 729 F. Supp. 2d 357, 364 (D. Me. 2010) (itself citing *Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1260 (11th Cir. 2008)); *Albanil v. Coast 2 Coast, Inc.*, Civil Action No. H-08-486, 2008 U.S. Dist. LEXIS 93035, 2008 WL 4937565, at *6 (S.D. Tex. Nov. 17, 2008)).

Plaintiff has claimed, in his affidavit in support of this Motion, the similarity of legal claims and factual characteristics. Specifically, he alleged that he was "told by Defendants that employees like [himself] were intentionally not paid a base wage because [they] were Chinese and Defendants believed [them] to be undocumented." ECF No. 52, ¶ 48. He also claimed that he "noticed that some of the workers that worked at the Defendants' place of business experienced the same unfair policies and procedures that [he] went through." ECF No. 52, ¶ 51. He also provided names and details acquired through "daily observations and conversations in the workplace" as well as through "direct discussions with the co-workers at Defendants' place of business." ECF No. 52, ¶¶ 51-53.

Opposing Defendants point out that Plaintiff "provides the Court with conclusory and unsubstantiated statements, with nothing more than the Plaintiff's speculations" and points out that "Plaintiff's affidavit does not describe the job duties of any of the individuals that he has named." ECF No. 57 at *10-11.

Yet there is no requirement that Plaintiff offer further proof. In *Johnson*, decided by this Court's sister district, the plaintiffs offered declarations in which they indicate that they were "aware of other disc jockeys that work for [defendant] who are dissatisfied with receiving only half the minimum wage." *Johnson,* 802 F. Supp. 2d at 235. Here, the Court concluded that "[p]laintiffs have carried their burden, light as it is at this stage. Both [plaintiffs] declare that they are aware of other disc jockeys who also made less than minimum wage and both declare that the layout of the Club secluded them from customers. It is a fair inference that other disc jockeys were also unable to access customers from whom they might have otherwise received tips." *Id*. While the plaintiffs in *Johnson* also offer the declaration of a witness, the Court's analysis on whether the plaintiffs offered sufficient factual showing that the putative collective action members are

6

similarly situated hinged on the plaintiffs' declarations. *Id*. Thus, in Plaintiff's present Motion, he respectfully seeks that this Court apply the same lenient burden in adjudging his affidavit as adequate for purposes of certification.

Furthermore, the fact that Plaintiff's affidavit "does not describe the job duties of any of the individuals that he has named" should not be consequential. ECF No. 57 at *10-11. Prospective collective action members need not be identically situated to the named plaintiffs or to each other. *Venegas v. Glob. Aircraft Serv.*, 159 F. Supp. 3d 93, 106 (D. Me. 2016) (citing *Scovil v. FedEx Ground Package Sys.*, 886 F. Supp. 2d 45, 57 (D. Me. 2012)). It also does not matter that Prospective Collective Action Members perform different duties, as long as they share similar job functions and pay provisions. *See, e.g., Davis v. Footbridge Eng'g Servs., LLC*, No. 1:09-cv-11133-NG, 2010 U.S. Dist. LEXIS 106523, at *2 (D. Mass. Oct. 5, 2010).

As to the third requirement under *Burns* that there must be putative collective action members who are interested in joining the suit, while it is true that Plaintiff's affidavit did not specifically allege whether the individuals he described are interested in joining the suit, Plaintiff respectfully the Court to consider the totality of the situation in granting this Motion. Plaintiff has more than satisfied his burden of showing that the putative collective action members are similarly situated, which is at the heart of the two-tiered approach followed in this Circuit. Plaintiff has been able to show the existence of similarly-situated individuals, enough that notice can and must issue to apprise the putative collective action members of this lawsuit.

### III. WHILE THE NOTICE AND MANNER OF ITS DISTRIBUTION ARE AT THE DISCRETION OF THE COURT; THE METHODS OF DISTRIBUTION AND CONTENTS OF THE PROPOSED FORM ARE SOUND

Opposing Defendants provide multiple grounds of critique on Plaintiff's proposed notice. *See* ECF No. 57 at *13-17. Opposing Defendants argue that the "[c]ontents of the proposed notice

7

are misleading and improper" and that the "methods of notice distribution are overly broad and unnecessary." ECF No. 57 at *13-14.

Opposing Defendants argue that in the proposed notice, "Plaintiff fails to inform the potential class of the possibility that they could be required to pay Defendants' costs in the event that they are successful in defending the FLSA claim." ECF No. 57 at *14. However, this District Court has stated that "courts within the First Circuit have found 'there is no need to revise [a] notice to include potential liability for costs' because of 'the possibly chilling effect [such] an advisement … may have on potential plaintiffs.'" *Humphries v. Medminder Sys., Inc.*, Civil Action No. 1:24-cv-10559-IT, 2025 LX 78435, at *13 (D. Mass. May 2, 2025) (citing *Roy v. FedEx Ground Package Sys., Inc.*, 353 F. Supp. 3d 43, 75 (D. Mass. 2018)).

Opposing Defendants also point out that "Plaintiff's proposed notice directs potential opt-ins to return consent forms and other information to Plaintiff's counsel, as opposed to the Court or a designee of the Court." ECF No. 57 at *14. Yet this District Cour has also previously indicated that "it is not unusual for opt-in forms to be returned to class counsel[.]" *Humphries*, 2025 LX 78435, at *13-14 (citing *Torrezani v. VIP Auto Detailing, Inc.*, 2017 U.S. Dist. LEXIS 166686, 2017 WL 2951618, at *2 (D. Mass. May 31, 2017)).

"In an FLSA collective action, the Court has discretion in helping to facilitate notice to potential group members." *Gardner v. Fallon Health & Life Ins. Co.*, No. 4:19-40148-TSH, 2021 U.S. Dist. LEXIS 186573, at *12 (D. Mass. Sep. 29, 2021). Thus, the Court has allowed plaintiffs "to send the initial notice by mail, e-mail, and text message, as well as one reminder notice by mail, e-mail, and text message thirty days following the issuance of the initial notice." *Id*. ("Courts routinely allow notice by e-mail, … and many courts have allowed notice by text message"). Thus, contrary to Opposing Defendants' assertions, mailing, e-mailing, texting, and

8

sending a reminder notice should not be considered "intrusive and highly prejudicial to Hungry Pot." ECF No. 57 at *15.

### IV. EQUITABLE TOLLING IS WARRANTED

Opposing Defendants argue that equitable tolling is not warranted. ECF No. 57 at *17.

"'The equitable tolling doctrine extends statutory deadlines in extraordinary circumstances for parties who were prevented from complying with them through no fault or lack of diligence of their own.'" *Gardner*, 2021 U.S. Dist. LEXIS 186573, at *16 (citing *Neves v. Holder*, 613 F.3d 30, 36 (1st Cir. 2010)). This issue "often arises in FLSA cases because the filing of a collective action does not toll the limitations period for opt-in plaintiffs until the opt-in plaintiffs actually opt-in … Consequently, opt-in plaintiffs' claims may become barred by the time a court rules on a motion for conditional certification." *Gardner*, 2021 U.S. Dist. LEXIS 186573, at *16.

Opposing Defendants assert that Plaintiff "provides not a single reason why this Court should toll the statute of limitations for the requested ninety (90) days." ECF No. 57 at *17. Contrary to this assertion, however, Plaintiff in this Motion, in seeking expedited notice, went into great detail as to effect of the statute of limitations under the FLSA on the claims of potential collective action members. *See* ECF No. 53 at *12-13. The exact same reasons apply on the Plaintiff's request for equitable tolling — without either or both an expedited notice and an equitable tolling, potential collective action members may lose their claims, if only due to nothing more than the passage of time. Thus, equitable tolling is essential to protect their claims.

### CONCLUSION

For all the foregoing reasons, Plaintiff's motion for conditional collective certification should be granted in its entirety and for such other and further relief deemed just and proper.

Dated: Flushing, NY
       February 6, 2026

        Respectfully submitted,
        TROY LAW, PLLC

        /s/ *Tiffany Troy*
        Tiffany Troy
        41-25 Kissena Boulevard
        Suite 110
        Flushing, NY 11355
        Tel: (718) 762-1324
        *Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

**TIFFANY TROY**, an attorney admitted to practice law in the District of Massachusetts, hereby affirms under penalty of perjury that:

1. I am an associate of Troy Law, PLLC., attorneys for the Plaintiff in this action and I have knowledge about the matters at hand.
2. I hereby certify that on the day of February 6, 2026 a copy of the foregoing document was filed electronically through the Court's ECF system and that counsel for Plaintiff is a registered user of the ECF system.

Dated: February 6, 2026
Flushing, New York

Respectfully submitted,
TROY LAW, PLLC

 /s/ Tiffany Troy
Tiffany Troy
41-25 Kissena Boulevard
Suite 110
Flushing, NY 11355
Tel: (718) 762-1324
*Attorney for Plaintiff*