# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| DENGTAO CAO a/k/a PHILLIP CAO, on behalf of himself and others similarly situated, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 1:24-cv-11797-JEK |
| HUNGRY POT DARTMOUTH INC., HUAXIN CHEN a/k/a LEO CHEN, HONG AN ZHENG, YI PING ZHENG, and SHUO CHEN, | ) ) ) ) ) | |
| Defendants. | ) ) | |

## <u>MEMORANDUM AND ORDER ON PLAINTIFF'S MOTION FOR CONDITIONAL CERTIFICATION</u>

**KOBICK, J.**

Plaintiff Dengtao Cao, also known as Phillip Cao, brought this putative collective and class action lawsuit against defendant Hungry Pot Dartmouth Inc. and its executives for allegedly failing to pay minimum wage and overtime to certain employees and retaining their tips unlawfully.[1] Pending before the Court is Cao's motion for conditional certification under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b). That motion will be denied, because Cao fails to make the requisite factual showing that the proposed collective comprises employees who are similarly situated. His affidavit, which is the only evidence that he has submitted, does not establish that similarly situated employees were subject to a uniform policy at Hungry Pot of not receiving

---

[1] Those executives are Hungry Pot President Huaxin Chen, Treasurer Hong An Zheng, Secretary Yi Ping Zheng, who is also a member of its Board of Directors, and another board member, Shuo Chen. ECF 1, ¶¶ 15, 18, 21, 24. The parties agreed to remove another defendant, Leo Doe, because that defendant is an alias, Leo Chen, of Huaxin Chen. ECF 47.

minimum wage or overtime and having their tips unlawfully retained. Nor has any other Hungry Pot employee expressed an interest in joining this lawsuit.

## BACKGROUND

The following facts are recounted based on the allegations in the complaint and Cao's affidavit. *See* ECF 1, 52; *Waters v. Day & Zimmermann NPS, Inc.*, 23 F.4th 84, 89 (1st Cir. 2022) (permitting review of the pleadings and declarations for purposes of conditional certification).

Hungry Pot is a Korean barbecue, hot pot, and all-you-can-eat restaurant in Dartmouth, Massachusetts that operates seven days a week. ECF 1, ¶¶ 1, 11, 31; ECF 52, ¶¶ 3, 14. From April 17 to April 23, 2024, Cao worked there for 72.2 hours total as a server. ECF 1, ¶¶ 10, 30; ECF 52, ¶¶ 3, 5-13. Cao spent fourteen of those hours (two hours per day) performing non-tipped work—namely, opening up the restaurant, washing pots, and cleaning the grill. ECF 1, ¶¶ 32-33; ECF 52, ¶¶ 15-16. The defendants told Cao that he did not receive a base wage or salary and was instead paid entirely in tips, because he is Chinese and they believed him to be undocumented. ECF 1, ¶¶ 34, 54, 59; ECF 52, ¶¶ 17, 48. Non-Chinese workers, in contrast, were paid base salaries plus tips. ECF 1, ¶¶ 60-61; ECF 52, ¶ 49.

Over the course of the week he worked at Hungry Pot, customers tipped Cao $3,659.55: $1,345.26 in cash and $2,314.29 by credit card. ECF 1, ¶¶ 35-42; ECF 52, ¶¶ 18-25. While Cao received the cash tips, the defendants retained $1,601.93 of his credit card tips. ECF 1, ¶¶ 43, 47-49; ECF 52, ¶¶ 26, 28, 31-35. Huaxin Chen represented, in Cao's recollection, that he kept 30% to 35% of Chinese workers' credit card tips and 45% of such tips from employees who were not Chinese. ECF 1, ¶¶ 43, 46; ECF 52, ¶¶ 26, 29-30. In that week, Cao also avers, he was not paid a federal minimum wage for his first forty hours worked or 1.5 times that wage for work performed in excess of those forty hours. ECF 52, ¶¶ 38-39, 41, 43.

2

Cao filed this action in July 2024 asserting, as relevant here, three claims under the FLSA against the defendants for failing to pay him and similarly situated employees a minimum wage, not paying 1.5 times their regular rate for overtime work performed in excess of forty hours in a given week, and unlawfully retaining their tips, in violation of 29 U.S.C. §§ 206, 207, and 203(m)(2)(B), respectively. ECF 1, ¶¶ 73-92. In June 2025, the Court denied the defendants' motion to dismiss the FLSA collective action allegations in those claims and to strike the class action allegations under Federal Rule of Civil Procedure 23 for Cao's comparable state law claims. ECF 37. Cao moved for conditional certification of the proposed FLSA collective in November 2025. ECF 42, 45, 50. After the defendants opposed that motion and Cao filed his reply brief, the Court held a hearing and took the motion under advisement. ECF 57, 58, 63.

## DISCUSSION

Cao moves for conditional certification and court-authorized notice under the FLSA, 29 U.S.C. § 216(b), on behalf of a proposed collective comprising all "current and former non-exempt workers employed by Defendants at Hungry Pot Dartmouth" during the three years preceding the filing of his complaint, through entry of judgment. ECF 1, ¶ 62.[2] The FLSA provides that an "action to recover the liability" for minimum wage or overtime violations "may be maintained against any employer . . . by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b). Recognizing that the parties and the "judicial system benefi[t] by efficient resolution in one proceeding of common issues of law and fact," *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 170 (1989), Congress crafted section 216(b) "to enable all affected employees working for a single employer to bring suit in a single,

---

[2] Employees classified as "non-exempt" are covered by the FLSA's minimum wage and overtime pay provisions. *See* 29 U.S.C. §§ 206(a), 207(a)(1), 213.

collective action," *Waters*, 23 F.4th at 97. Courts have authority to ensure, under section 216(b), that similarly situated employees receive "accurate and timely notice concerning the pendency of the collective action, so that they can make informed decisions about whether to participate." *Hoffmann-La Roche*, 493 U.S. at 170.

Conditional certification is not required by section 216(b) but is instead "'a product of interstitial judicial lawmaking or ad hoc district court discretion.'" *Waters*, 23 F.4th at 89 (quoting *Campbell v. City of Los Angeles*, 903 F.3d 1090, 1100 (9th Cir. 2018)). District courts "have developed a 'loose consensus regarding conditional certification procedures,' which 'entai[l] a lenient review of the pleadings, declarations, or other limited evidence, to assess whether the proposed members of a collective are similar enough to receive notice of the pending action.'" *Kwoka v. Enter. Rent-A-Car Co. of Bos., LLC*, 141 F.4th 10, 22 (1st Cir. 2025) (quoting *Waters*, 23 F.4th at 89). While the First Circuit has not adopted a specific procedure, the Second, Ninth, Tenth, and Eleventh Circuits have endorsed the so-called *Lusardi* two-step approach. *Richards v. Eli Lilly & Co.*, 149 F.4th 901, 907-08 (7th Cir. 2025); *see Lusardi v. Xerox Corp.*, 118 F.R.D. 351 (D.N.J. 1987). Under this approach, which most courts in the First Circuit employ, "the court makes an initial determination of whether the potential [collective] should receive notice of the pending action" and then, "after discovery is complete, the court makes a final similarly situated determination." *Sigler v. Homesite Grp. Inc.*, No. 24-cv-12477-DJC, 2025 WL 3561754, at *1-2 (D. Mass. Dec. 12, 2025) (quotation marks omitted).

At the first step, a plaintiff "must make a modest factual showing sufficient to demonstrate that they and potential plaintiffs together were victims of a common policy or plan that violated the law." *Richards*, 149 F.4th at 906 (quotation marks omitted). Because this initial determination is made based only on the pleadings and any declarations that have been submitted, the standard

4

"is fairly lenient," but "not invisible," and "typically results in conditional certification of the representative" collective. *Jiang v. Kobe Japanese Steakhouse, Inc.*, No. 22-cv-11867-FDS, 2024 WL 4872395, at *10 (D. Mass. Nov. 22, 2024) (quotation marks omitted); *see also Waters*, 23 F.4th at 89. Later, following notice and discovery, the employer may move to decertify the class, at which point "the court engages in a more rigorous review to determine whether the plaintiffs are, in fact, similarly situated." *Richards*, 149 F.4th at 907. This review may include consideration of "various defenses available to the employer which appear to be individual to each employee and other fairness and procedural considerations." *Gonpo v. Sonam's Stonewalls & Art LLC*, No. 16-cv-40138-MGM, 2018 WL 1725695, at *4 (D. Mass. Apr. 9, 2018) (quotation marks omitted).[3]

Cao has not made the requisite modest factual showing at step one to demonstrate that the proposed collective comprises employees who are similarly situated. *See Trezvant v. Fid. Emp. Servs. Corp.*, 434 F. Supp. 2d 40, 44 (D. Mass. 2006). The complaint alleges that Cao and other similarly situated Hungry Pot employees were subject to the defendants' policies of not paying minimum wage or overtime and unlawfully retaining tips. ECF 1, ¶¶ 62, 73-92. Cao's affidavit, which is the only evidence in the record, does not adequately support those allegations. Cao attests that he was not paid overtime but fails to identify any other employee who was similarly denied overtime pay. *See* ECF 52, ¶¶ 17, 39, 45. At most, Cao avers that, based on his "daily observations and conversations in the workplace," he "noticed that some of the workers . . . [at Hungry Pot] experienced the same unfair policies and procedures that [he] went through." *Id.* ¶¶ 51-52. That general assertion, untied to overtime specifically, is insufficient to give rise to an inference that

---

[3] The defendants request that the Court reject this approach in favor of a higher standard adopted by the Fifth and Sixth Circuits. *See Swales v. KLLM Transp. Servs., L.L.C.*, 985 F.3d 430 (5th Cir. 2021); *Clark v. A&L Homecare & Training Ctr., LLC*, 68 F.4th 1003 (6th Cir. 2023). The Court does not need to address this request because, among other reasons, Cao fails to satisfy the more lenient *Lusardi* standard.

Hungry Pot had a common policy of denying employees overtime wages. *See Burns v. City of Holyoke*, 881 F. Supp. 2d 232, 236 (D. Mass. 2012) (declining to credit "plaintiff's conclusory allegation that all class members [were] subject to [defendant's policy] of excluding wage augmentations from employees' regular rate of pay").

With respect to minimum wage, Cao attests that he was not paid a minimum wage and "was told by Defendants that employees like [himself] were intentionally not paid a base wage because [they] were Chinese and Defendants believed [them] to be undocumented," while "non-Chinese workers were paid a base wage in addition to tips earned." ECF 52, ¶¶ 15-17, 38, 41, 48-49. Yet Cao seeks to represent all non-exempt Hungry Pot employees regardless of their national origin. *See* ECF 1, ¶ 62. If employees of Chinese descent, like himself, were treated differently by not being paid a base wage, then he cannot be considered similarly situated to employees who are not Chinese and were paid a base wage. At best, he could represent other Chinese employees. Although Cao asserts that Hungry Pot has approximately 34 employees, including about 19 who are not managers, at any given time, he fails to indicate how many of those employees were of Chinese descent or identify any Chinese employee who was also not paid a base wage. *See id.* ¶ 14; ECF 52, ¶ 50. Cao's affidavit reveals, to the contrary, that a Chinese and Spanish server named Valery *was* paid a minimum wage. ECF 52, ¶¶ 55, 58. Accordingly, his affidavit fails to demonstrate that other similarly situated Hungry Pot employees were subject to a uniform policy involving nonpayment of a minimum wage. *See Chavira v. OS Rest. Servs., LLC*, No. 18-cv-10029-ADB, 2019 WL 4769101, at *9 (D. Mass. Sept. 30, 2019) (denying certification based on "one named plaintiff's affidavit, without supporting documentation").

As for the tips, Cao avers that his manager, defendant Huaxin Chen, also known as Leo Chen, told him that the defendants illegally retained 30% or 35% of his and other Chinese workers'

6

credit card tips and 45% of non-Chinese employees' tips. ECF 52, ¶¶ 26-30, 36; *see* ECF 47. Cao also identifies two servers by their first names, Valery and Isaac, and attests that Chen "would have kept a portion of [their] credit card tips." ECF 52, ¶¶ 58, 63. The assertions that Chen "would have" done so does not mean, and Cao has no personal knowledge or evidence to suggest, that Chen actually kept a portion of these servers' credit card tips. Nor have Valery and Isaac come forward to attest that the defendants retained their tips. Cao's affidavit, standing alone, thus fails to show that other Hungry Pot servers were subject to a similar Hungry Pot policy involving unlawful retention of credit card tips. *See Jiang*, 2024 WL 4872395, at \*10 ("The single affidavit, itself asserting relatively bare bases for its claims, not buttressed by any supporting affidavits or additional evidence, makes for a weak showing, even at the notice stage."). His affidavit also makes no effort to demonstrate that employees at Hungry Pot with different job titles or positions than him, like the referenced "sorter" and "kitchen staff" worker, perform comparable job duties to servers. ECF 52, ¶¶ 3, 5, 68-74; *see Burns*, 881 F. Supp. 2d at 235 (denying certification where plaintiff made no such "showing of similar job requirements").

Cao also admits that he has not shown that other Hungry Pot employees are interested in joining his lawsuit. ECF 58, at 11. Courts in this Circuit disagree whether such interest is required to obtain conditional certification under the FLSA. *See Sigler*, 2025 WL 3561754, at \*7 (collecting cases). Required or not, the lack of interest here indicates that such certification is unwarranted. Cao filed his complaint in July 2024, yet over a year and a half later, he remains the sole plaintiff. He has not shown that any other employee is interested in joining this lawsuit. ECF 52, ¶¶ 59, 63; *see Jiang*, 2024 WL 4872395, at \*10-11 (denying motion for conditional certification where "nearly one-and-a-half years after filing his complaint," plaintiff "made no showing whatsoever that even a single other employee has any interest in actually joining the lawsuit"); *Sigler*, 2025

WL 3561754, at *7 (same where almost a year had transpired since the complaint was filed). Conditional certification is designed as "'a useful case management tool for district courts to employ in appropriate cases.'" *Waters*, 23 F.4th at 89 (quoting *Myers v. Hertz Corp.*, 624 F.3d 537, 555 n.10 (2d Cir. 2010)). Granting certification would not serve that purpose where, as here, no evidence exists that any potential collective member wishes to join the FLSA action. *See Jiang*, 2024 WL 4872395, at *11.

## CONCLUSION

For the foregoing reasons, Cao's motion for conditional certification, ECF 50, is DENIED.

SO ORDERED.

/s/ Julia E. Kobick
JULIA E. KOBICK
Dated: May 12, 2026                    UNITED STATES DISTRICT JUDGE